THE STATE OF OHIO, APPELLEE, *v.* TRAPP, APPELLANT.

(No. B-853645 — Decided February 24, 1987.)

Court of Common Pleas of Hamilton County.

*Arthur M. Ney,* prosecuting attorney, for appellee.

*William J. Trapp, pro se.*

KRAFT, J. The Ohio General Assembly enacted Sub. H.B. No. 609 to become effective September 24, 1986. The legislative purposes stated are:

"To enact sections 2305.02 and 2743.48 of the Revised Code to authorize civil actions against the state, for specified monetary amounts, in the Court of Claims by certain wrongfully imprisoned individuals."

It is obvious that these two sections of the Revised Code must be read *in pari materia.*

R.C. 2305.02 purports to give the court of common pleas exclusive original jurisdiction to hear and determine in an action or proceeding that a person is or is not a "wrongfully imprisoned individual." R.C. 2743.48(A)(1) to (3) provide that such a person is one who:

"(1) * * * was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, the effective date of this section, and the violation charged was an aggravated felony or felony.

"(2) * * * was found guilty of the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony[, and]

"(3) * * * was sentenced to an indefinite or definite term of imprisonment in a state penal or reformatory institution for the offense of which he was found guilty."

From the dockets, records and journal entries in this case, defendant appears to meet all three of these conditions.

In *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 39 O.O. 2d 189, 226 N.E. 2d 104, the Ohio Supreme Court held at paragraph nine of the syllabus:

"Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment."

A review of the dockets, records and journal entries of this case reveals that the issue of defendant's guilt of the crime charged has been fully litigated under the criminal laws of this state and stands intact. As to this case the doctrine of *res judicata* applies and defendant's attempt to re-litigate the issue of guilt at the trial level is prohibited.

This ruling does not suggest that in every case the same result would occur. Had the prior judgment of convic-

tion been reversed by a reviewing court, and no subsequent judgment of conviction entered, then under Sub. H.B. No. 609 this court would, in a civil proceeding, be required to determine (1) whether a crime was committed and if so (2) whether defendant committed it and such a new determination would not then be barred by the doctrine of *res judicata*. Furthermore, if the judgment of conviction had been attacked successfully either by (1) a "petition to vacate or set aside sentence" under R.C. 2953.21, (2) a habeas corpus proceeding, (3) a Crim. R. 33 motion for a new trial, or (4) other action which might determine the judgment of conviction to be void, then the doctrine of *res judicata* would likewise not apply.

This conclusion would seem to be consistent with the apparent intent of the General Assembly. The General Assembly provided that when a determination is made by the court of common pleas that the defendant was a "wrongfully imprisoned individual," notice will be given of his right to commence a civil action in the Court of Claims and seek a specific monetary award. The jurisdiction of the court of common pleas does not extend to the granting of any affirmative relief in an action under R.C. 2305.02 which provides in part that:

"* * * If the court enters the requested determination, it shall comply with division (B) of that section."

Division (B) of R.C. 2743.48 provides:

"(1) When a court of common pleas determines, on or after the effective date of this section, that a person is a wrongfully imprisoned individual because the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person, the court shall provide the person with a copy of this section and orally inform him and his attorney of his rights under this section to commence a civil action against the state in the court of claims because of his wrongful imprisonment and to be represented in that civil action by counsel of his own choice.

"(2) The court described in division (B)(1) of this section shall notify the clerk of the court of claims, in writing and within seven days after the date of the entry of its determination that the person is a wrongfully imprisoned individual, of the name and proposed mailing address of the person and of the fact that the person has the rights to commence a civil action and to have legal representation as provided in this section. The clerk of the court of claims shall maintain in his office a list of wrongfully imprisoned individuals for whom notices are received under this section and shall create files in his office for each such individual."

If the General Assembly had not contemplated and presumed the applicability of the doctrine of *res judicata* to the operation of this statute an incongruous result might occur; that being, the court of common pleas determining a person is "wrongfully imprisoned" within the meaning of R.C. 2305.02 and 2743.48, but not having authority to order his release, since no authority is provided under these statutes to declare that the prior judgment of conviction was void.

For the reasons stated, it is the conclusion of this court that no action under R.C. 2305.02 can be instituted or considered until after the original judgment of conviction is reversed or vacated by the trial court or by some other court of competent jurisdiction.

Therefore, the defendant's "Motion Against the State for Wrongful Imprisonment, O.R.C. 2743.48" and "Motion to Explore and Investigate 2311.04 and 2305.02 O.R.C." are both denied.

*Defendant's motions denied.*