OPINION
Defendant, Derek Anthony Costa, appeals from an order denying his motion to vacate that part of the court's judgment entry of conviction which required Costa to pay the costs of the action that resulted in his conviction.
On January 7, 1998, Costa was convicted of Robbery. Thereafter, on March 3, 1998, the trial court sentenced Costa to a term of incarceration, which he is presently serving, and ordered him to pay "all costs of prosecution."
Costa filed a timely notice of appeal from his conviction and sentence. On review, we affirmed the judgment of the trial court.State v. Costa (Dec. 31, 1998), Greene App. No. 98CA32, unreported.
On January 4, 1999, Costa filed a motion asking the trial court to vacate or set aside its order requiring him to pay the costs of prosecution in the action that resulted in his conviction. Costa cited and relied on R.C. 2929.51(F). However, that section contains no division (F). Further, it is limited to fines imposed for misdemeanors, while Costa's offense is a felony. In any event, the trial court denied the motion and Costa filed a timely notice of appeal.
Before considering the error which Costa has assigned, we must clarify the context in which the alleged error was committed. R.C. 2929.51 does not authorize the court to relieve Costs of his final obligation. Further, because Costa's conviction and sentence constitute a final order that was affirmed on appeal, the trial court was without jurisdiction to vacate its provisions except as provided by R.C. 2953.21. Therefore, we will review the error that Costa has assigned as error arising from an order denying a petition for post-conviction relief filed pursuant to R.C. 2953.21.
 FIRST ASSIGNMENT OF ERROR THE IMPOSITION OF COURT COSTS AGAINST APPELLANT WHO WAS INDIGENT AT THE TIME OF TRIAL AND SENTENCING AND WHICH ARE DEDUCTED FROM HIS ACCOUNT, LEAVING HIM ONLY $10.00 PER MONTH, VIOLATED SUBSTANTIVE DUE PROCESS ANT (SIC) THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.
Costa's January 4, 1999 motion was apparently prompted by an execution levied on his prisoner's account at the institution where he is incarcerated pursuant to R.C. 5120.133(A). However, the error he assigns arises from the court's sentencing entry, which imposed the court costs obligation which was the basis of the execution. The issue presented could have been raised in Costa's prior merit appeal, but was not. Therefore, it is resjudicata and barred as grounds for the relief that Costa's motion sought. State v. Perry (1967), 10 Ohio St.2d 175.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR DUE PROCESS IS DENIED WHEN THE PROCEDURE USED TO DEDUCT MONEY FROM APPELLANT (SIC) ACCOUNT TO PAY COURT COSTS IS UNFAIR BECAUSE NO DETERMINATION IS MADE AS TO WHETHER APPELLANT IS ABLE TO ADEQUATILY (SIC) CARE FOR HIMSELF IN PRISON WITH ONLY $10.00 A MONTH.
R.C. 5120.133(A) authorizes the Department of Rehabilitation and Correction to apply monies that are owned by a prisoner and held on deposit in an account at the institution where he is incarcerated to satisfy an obligation imposed on the prisoner by a court of record in an action in which the prisoner was a party. Pursuant to Ohio Adm. Code 5120-5-03(D), the Department has directed those institutions to withdraw such funds for that purpose from the prisoner's account "as long as the account retains ten dollars to make purchases from the commissary." Id.
Costa argues that the procedures involved in withdrawing monies from a prisoner's account violate due process because the prisoner is not afforded notice and an opportunity to be heard before the withdrawal is made. Costa argues that due process requires that a prisoner's indigent status and ability to pay should be taken into consideration, and that the prisoner has a right to voice objections in those respects "at a meaningful time in a meaningful manner."
We have held that while a defendant's indigent status may not operate to deprive him of the substantive constitutional rights guaranteed to every criminal accused, indigent status "does not shield him from the burdens imposed on him by the law in the event of conviction. One of these is an obligation to pay for the costs of the action that resulted in his conviction. If he owns property that can be applied against the obligation, the court may order it seized, notwithstanding his penury." State v. Engle
(March 19, 1999), Greene App. No. 98CA125, unreported, at p. 5.
Obligations that have been reduced to a money judgment may be satisfied by execution levied on the property of the obligor, including accounts of deposit, absent any notice to the obligor of the execution. The only limitations are in regard to the exemptions and types of exemptions provided by R.C. 2329.66. Costa does not rely on any such exemptions.
We see no reason to elevate monies in a prisoner's account to a status superior to monies held on deposit by other obligors by sheltering a minimum amount from execution. The Department of Rehabilitation and Correction may do so pursuant to R.C.5120.133(A), and has done so in promulgating Ohio Adm. Code5120-5-03(D). Whether the ten dollar minimum which a prisoner may maintain is sufficient for his needs is an administrative decision wholly committed to the discretion of the Department and not subject to judicial review.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HIS ATTORNEY FAILED TO REQUEST THAT THE TRIAL COURT WAIVE IMPOSTION (SIC) OF COURT COSTS AGAINST THE APPELLANT WHO WAS INDIGENT AS IS PROVIDED FOR UNDER R.C. 2949.092.
R.C. 2949.092 prohibits the court from waiving the court costs required by R.C. 2843.70 (reparations fund) and R.C.2949.091 (state general revenue fund) "unless the court determines that the offender is indigent and the court waives payment of all costs imposed on the offender."
R.C. 2949.092 confers no substantive right on an indigent defendant. Even if it did, Costa's failure to raise the argument in his prior merit appeal bars its consideration as grounds for the relief that his motion sought. State v. Perry, supra.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY IMPOSING COURT COSTS UPON APPELLANT WITHOUT TAKING INTO CONSIDERATION WHETHER COSTS SHOULD BE WAIVED PURSUANT TO R.C. 2949.092 BECAUSE APPELLANT WAS INDIGENT.
R.C. 2949.092 imposes no duty on the trial court to waive court costs for an indigent defendant and presents no standards for such waiver. It is wholly permissive. Nevertheless, the error that Costa argues is the same that we rejected in State v. Engle,supra. We reject it here, for the same reason, and because Costa failed to raise it in his prior merit appeal from his conviction and sentence, when it could have been determined. State v. Perry,supra.
The fourth assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Robert H. Hendrix, Esq., Derek Anthony Costa, Hon. Thomas M. Rose