I respectfully dissent. The majority correctly characterized the standard of review for a case involving ineffective assistance of counsel: a demonstration that counsel's performance fell below an objective standard of reasonable representation and that, but for the error, the result of the trial would have been different. See State v. Bradley (1989), 42 Ohio St.3d 136.
Here, however, we are concerned with the post-conviction relief sought by Harris due to alleged ineffective assistance of counsel and although the majority asserts that an evidentiary hearing should have been held in this case where the petitioner submitted affidavits naming uncalled witnesses whose testimony may have demonstrated evidence significant to the defendant, I have three chief concerns with this position:
First, R.C. 2953.21(C) mandates that the trial court only conduct a hearing if it determines there are substantial grounds for relief. Specifically, that section states in part:
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporters' transcript, if order and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusion of law with respect to such dismissal. (Emphasis added.)
In this instance, the careful trial judge found no substantive grounds for relief and so stated in its findings of fact and conclusions of law.
Second, in conformity with the statutory mandate to review the journalized records of the clerk of court in this case, our appellate opinion which affirmed Harris' convictions on July 21, 1994, (Cuyahoga App. No. 65826, unreported), reveals the following:
 On the evening of February 9, 1992, Troy Wright, Tyronne Chomity, Ricardo Lee, and Le Shon Humphrey visited Remey's Bar, got into an argument with a man known as "Scrap", and all were asked to leave by the bar owner. Outside the bar, Harris a.k.a. "Champ" retrieved a gun from the trunk of his car and shot Wright in the arm and abdomen, Chomity in the knee, Lee in his side, and Humphrey in the hip. Five days later, Wright died from his injuries.
During their investigation of this incident, however, police learned that all four victims stated they were shot by a man named, "Champ"; that Champ was Harris' nickname; that all four identified Harris in a photo array; and no victim identified anyone other than Harris as the shooter. The trial resulted in jury verdicts finding Harris guilty of murder and three counts of felonious assault all with firearms specifications.
After considering the record here including the recorded affirmance of Harris' conviction on appeal, I do not believe he has demonstrated that, but for his trial counsel calling witnesses at trial, the outcome of the trial would have been different.
Thirdly, as the majority opinion indicates, Harris had different counsel on appeal who could have raised the effective assistance argument but chose not to do so. Matters which could have been raised on appeal but which had not been raised are barred by the doctrine of res judicata from being presented for further review on a petition for post-conviction relief filed pursuant to R.C. 2953.21. See, State v. Perry (1967), 10 Ohio St.2d 175, at paragraph seven of the syllabus which states:
 Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment,
and thus have been adjudicated against him. (Emphasis added.)
Accordingly, I do not believe the trial court had a duty to conduct a hearing in the case, nor that Harris has demonstrated ineffective assistance of counsel, nor that this matter is properly before us because the issue of ineffective assistance of counsel could have been presented on direct appeal and now should be barred by the doctrine of res judicata. For these reasons, I dissent.