OPINION
On May 8, 1998, appellant Robert Allen Hill was convicted of Aggravated Burglary. He was sentenced to three years incarceration. He appealed the judgment of conviction and sentence to this court, and we affirmed the judgment. Appellant then filed a motion for post-conviction relief. Appellant alleged that he received ineffective assistance of counsel, as counsel failed to investigate and offer the testimony of appellant's co-defendant at trial. Appellant attached two affidavits to his motion. In his own affidavit, appellant averred that before trial, he met with his trial attorney on three occasions. He told her what really happened on the night in question, and claimed that he was innocent of the crime. He claimed that his attorney told him that the story of the co-defendant, Lisa Burch, was identical to appellant's story. In addition, appellant attached the affidavit of Lisa Burch. She set forth her rendition of the facts of what occurred on the night in question, claiming that both she and appellant were innocent. She claimed that she did not remember ever speaking to appellant's attorney. She testified that she and appellant were to be tried jointly, but she was in the hospital on the scheduled trial date due to a drug overdose and emotional problems. She further alleged that if counsel for appellant would have subpoenaed her to testify on his behalf, she would have done so willingly, and would not have asserted her Fifth Amendment right of incrimination. The trial court denied the Petition for Post-conviction Relief after non-oral hearing. The court found that appellant's claims were barred by res judicata. The court further found that appellant had not demonstrated prejudice from counsel's performance, as appellant's conduct was fully corroborated beyond any doubt by the evidence presented at trial. Appellant assigns two errors on appeal:
 ASSIGNMENTS OF ERROR:
I. THE TRIAL COURT ERRED BY GRANTING THE MOTION FOR SUMMARY JUDGMENT BECAUSE THE RECORD DOES NOT AFFIRMATIVELY CONTRADICT MR. HILL'S CLAIM THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AND BECAUSE RES JUDICATA DOES NOT APPLY.
II. MR. HILL'S PETITION WARRANTED AN EVIDENTIARY HEARING BECAUSE IT STATED A SUBSTANTIVE GROUND FOR RELIEF, WHICH WAS NOT CONTRADICTED BY THE RECORD, THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND OFFER EXCULPATORY EVIDENCE, IN VIOLATION OF MR. HILL'S RIGHTS UNDER THE SIXTH ANDFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.
 I.
Appellant first argues that the court erred in finding his claims barred by res judicata. We agree. The doctrine of res judicata bars any claim which was raised, or could have been raised, on direct appeal from the judgment of conviction. State vs. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Appellant's claim could not have been determined on direct appeal, as it relied for its validity on evidence outside the record on direct appeal. We, therefore, turn to the claim of whether appellant submitted evidentiary documents containing sufficient operative facts to demonstrate ineffective assistance of counsel. It appears that the trial court rejected the affidavit submitted in support of appellant's claim. The court apparently found that the evidence admitted at trial sufficiently demonstrated appellant's guilt to outweigh the claims presented in the affidavits. Subsequent to the trial court's decision in the instant case, the Ohio Supreme Court provided guidelines for determining the credibility of affidavits submitted in support of a Petition for Post-conviction Relief. In State vs. Calhoun (1999), 86 Ohio St.3d 279, paragraph one of the syllabus, the court held that a trial court may, in its discretion, judge the credibility of affidavits offered to support a post-conviction petition in determining whether to accept the averred statements as true. The court noted that an affidavit, being by definition a statement that the affiant has sworn to be truthful, and made under penalty of perjury, should not lightly be deemed false. The court further listed several factors which the court is to consider when judging credibility of affidavits, including: (1) whether the judge reviewing the post-conviction petition also presided at trial, (2) whether multiple affidavits contained nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petition, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Id. at 911-912. Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Id. at 912. A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its Findings of Fact and Conclusions of Law, in order that meaningful appellate review may occur. Id. While we recognize that the court did not have the benefit of the Calhoun decision at the time it considered appellant's petition, the court did not include an explanation for discounting the credibility of the sworn affidavits attached to appellant's petition. In the absence of such an explanation in the Findings of Fact and Conclusions of Law, this court cannot conduct meaningful appellate review. The first Assignment of Error is sustained.
 II.
Appellant argues that the court erred in denying the petition without an evidentiary hearing. This claim is premature, as the court did not make proper findings concerning credibility of the affidavits, as discussed in Assignment of Error I. above. The second Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is reversed. This case is remanded to that court for further proceedings in accordance with law.
By: Reader, V.J. Gwin, P.J. and Farmer, J. concur.