JOURNAL ENTRY AND OPINION
This is a pro se appeal from a judgment of conviction entered after trial before Lakewood Municipal Court Judge Patrick Carroll.
Appellant Martin J. Hughes claims that the minor misdemeanor charge of running a red light, a violation of Rocky River Codified Ordinance 313.01, should have been dismissed because no citation was issued within six months as required under R.C. 2901.13 and his right to a speedy trial under R.C. 2945.71 was violated. He also claims that the conviction is against the manifest weight of the evidence. Because we conclude that the transfer of this action to the Lakewood Municipal Court was improper and that court did not have jurisdiction over the matter, we reverse the action and vacate the conviction.
The record discloses the following facts. On February 9, 1999, Hughes was cited for running a red light at the corner of Center Ridge Rd. and Lakeview in Rocky River, Ohio. On March 19, 1999, the city of Rocky River issued a summons in lieu of a warrant, commanding his appearance on April 7, 1999 at 1:00 p.m. The summons was sent, along with a copy of the citation, to Hughes' home address by certified mail. The envelope containing the summons and citation were returned to the clerk's office, unclaimed, and file stamped April 12, 1999. A notation on the Rocky River Municipal Court file and a separate journal entry indicate that on April 2, 1999, Hughes requested a continuance and the case was set for April 27, 1999. At trial, however, Hughes said he was not present in the court on that date but he had received a telephone call from a Rocky River Court bailiff.
On April 27, 1999, the arraignment went forward, Hughes entered a not guilty plea, the case was assigned to Rocky River Municipal Court Judge Maureen Adler Gravens, trial was set for May 17, 1999, and Hughes signed a form waiver of his right to speedy trial. The next day, Judge Gravens recused herself and the case was assigned to Judge Donna Congeni Fitzsimmons of that court. Judge Fitzsimmons recused herself on April 29, 1999, and the case was transferred for reassignment to Common Pleas Court Administrative Judge Richard J. McMonagle. On May 26, 1999, Judge McMonagle transferred the action to Judge Carroll of the Lakewood Municipal Court and the case was set for trial on July 9, 1999.
At the conclusion of the evidence after trial, the judge denied Hughes' motions to dismiss the action for failure to issue a citation within six months and violation of his right to speedy trial, and found him guilty as charged. At Hughes' request, the judge stayed payment of the $35 fine and court costs pending appeal.
We need not address the three assignments of error raised by Hughes and set forth in the appendix attached below, because the transfer of this action to the Lakewood Municipal Court was improper and that court did not have jurisdiction.
Municipal courts are statutory courts and their territorial jurisdiction may not be enlarged except by statute. Bedford v. Lacey(1985), 30 Ohio App.3d 1, 3-4, 506 N.E.2d 224. The Lakewood Municipal Court has jurisdiction within the corporate limits of its municipal corporation, R.C. 1901.02(A), in addition to that portion of Lake Erie lying north, beyond the south shore, to the international boundary line between the United States and Canada, and between the easterly and westerly boundary lines of the adjacent municipal or county courts, in addition to concurrent jurisdiction in Lake Erie with any adjacent county or municipal courts that borders on Lake Erie. R.C.1901.023. The offense for which Hughes stands accused arose in the municipality of Rocky River and the Lakewood Municipal Court lacked jurisdiction to proceed with a trial in this matter unless statutory authority permits the transfer to the court of common pleas for the purpose of reassignment.
The copy of the April 30, 1999 letter indicates that, pursuant to R.C.2937.20, the Rocky River Municipal Court judges recused themselves and transferred the action to the Cuyahoga County Court of Common Pleas. R.C. 2937.20 was amended and renumbered by 1996 S.263, eff. November 20, 1996, at R.C. 2701.031. R.C. 2701.031(E) allows the presiding judge of a court of common pleas to designate another judge of the municipal court, or a judge on the court of common pleas, to preside in the proceeding in place of a disqualified judge, but only after two conditions are met. First, the party or party's counsel must file a timely affidavit of prejudice in the municipal court and, second, the municipal court clerk must provide notice to the presiding judge of the court of common pleas of the county or a judge of the court of common pleas when there is no presiding judge in the common pleas court. R.C. 2701.301(B)-(C). This section does not contain a provision which applies to judges who unilaterally disqualify themselves.
In Bedford v. Lacey (1985), 30 Ohio App.3d 1, 3-4, 506 N.E.2d 224, this court addressed similar circumstances as those presented here and held that pursuant to Article IV, Sections 5 (A)(3) and (C), of the Ohio Constitution the Chief Justice of the Ohio Supreme Court has the authority to decide who does have the appointment power with respect to a municipal court judge who has disqualified himself. Pursuant to Sup.R. 17(A), eff. January 1, 1997,
 [a]ny active municipal or county court judge, or any municipal or county court judge who voluntarily has retired or who is retired by virtue of Article IV, Section 6(C) of the Ohio Constitution and who is not engaged in the practice of law, may consent to be assigned by the Chief Justice or acting Chief Justice of the Supreme Court to serve as a judge on any municipal court.
Division (C) provides that the rule shall not be construed to limit the operation of section 2701.031 of the Revised Code or the assignment of acting judges pursuant to section[s] 1910.10 [with regard to a vacancy in municipal court], 1901.12 [substitution during vacation in municipal court], or 1907.14 [substitution in county court,] of the Revised Code.
Based upon the foregoing, it is clear that the Chief Justice has the authority to appoint an active or retired municipal or county judge to serve on any municipal court where the all members of that municipal court have disqualified themselves. Because the presiding judge of the Cuyahoga County Court of Common Pleas did not have authority by either statute or rule to reassign the matter, the Lakewood Municipal Court or its judge did not have jurisdiction to hear the case against Hughes. Without territorial subject matter jurisdiction, the conviction is void. Lacey, 30 Ohio App.3d at 6; see, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph five of the syllabus (A judgment of conviction is void within the meaning of Section 2953.21 et seq., Revised Code, if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted.).
The judgment is reversed and the conviction is vacated.
It is ordered that the appellant recover from appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ ANNE L. KILBANE, JUDGE
JOHN T. PATTON, P.J., AND PATRICIA ANN BLACKMON, J., CONCUR
 APPENDIX
NO CITATION WAS ISSUED AND SERVED WITHIN SIX (6) MONTHS AND, THEREFORE, O.R.C. SECTION 2901.1383 [sic] REQUIRES DISMISSAL
NO TRIAL OCCURRED, AND NO PROPER WAIVERS BY DEFENDANT WERE OBTAINED DURING THE FIRST MONTH, HENCE O.R.C. SECTION 2945.71 REQUIRES DISMISSAL FOR FAILURE TO CONCLUDE THE MATTER WITHIN THIRTY (30) DAYS.
THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE:
 A. THE CHARGING OFFICER ORIGINALLY STATED NO CITATION WOULD BE ISSUED DUE TO LACK OF EVIDENCE.
 B. THE POLICE REPORTS CONTAIN ADMITTED MATERIAL ERRORS.
 C. THERE IS NO PRINCIPLED WAY THE CONFLICTING TESTIMONY AND EVIDENCE CAN PROVE THE CHARGE BEYOND A REASONABLE DOUBT.