OPINION
Appellant, Orson Provitt, filed a motion to file a delayed appeal on November 15, 2000, from a decision of the Trumbull County Court of Common Pleas. The convoluted procedural history of this case is as follows. On January 7, 2000, appellant was found guilty on one count of trafficking in crack cocaine. He was scheduled to be sentenced on January 18, 2000, but because he failed to appear and had to be apprehended, sentencing was not held until May 23, 2000. The trial court sentenced appellant to serve twelve months in prison. The judgment entry reflecting this sentence was filed June 16, 2000.
On June 20, 2000, appellant timely filed a first notice of appeal. His sole contention in that appeal was that the trial court erred in sentencing him to the maximum allowable prison term because the sentence was not supported by the record and because the trial court failed to make the requisite findings. The state of Ohio responded by filing a "Stipulation in Remand" in which it concurred with appellant's single assignment of error. This court agreed, and on November 6, 2000, the case was reversed and remanded consistent with R.C. 2929.14(B).
The trial court resentenced appellant on November 27, 2000, reimposing the original twelve-month sentence. However, on November 15, 2000, appellant filed a pro se motion for leave to file a delayed appeal pursuant to App.R. 5(A). On March 26, 2001, this court overruled appellant's motion as being moot. Specifically, this court reasoned that it appeared appellant was attempting to appeal his initial January 7, 2000 conviction. That would have been an impossibility because no sentence had been entered at that point due to appellant's failure to appear. Once appellant was sentenced on June 16, 2000, he did, in fact, appeal that judgment which resulted in a reversal. Thus, this court opined that appellant was appealing the revised sentencing entry of November 27, 2000, since it was the only final order that he could appeal. We concluded, therefore, that the appeal was not filed late but, instead, early. Hence, the appeal was permitted to proceed according to rule based upon the conclusion that it was a premature appeal of the November 27, 2000 sentencing entry.
On August 7, 2001, appellant filed his brief which included one assignment of error. Appellant contends that the trial court erred by denying his motion for judgment of acquittal, and that his conviction was supported by insufficient evidence or was against the manifest weight of the evidence. It is clear that appellant's arguments are not directed at the November 27, 2000 sentencing entry but, instead, focus on the propriety of his conviction, which could have been raised in his initial appeal filed on June 20, 2000. Appellant's failure to raise these issues in a timely manner in his original direct appeal operates as a bar to them being considered now. Res judicata prevents the consideration of any claim that was raised or could have been raised in an earlier appeal. State v. Reese (June 2, 1999), Mahoning App. No. 98 C.A. 33, unreported, 1999 WL 397917, at *4, citing State v. Smith (1991),61 Ohio St.3d 284, 293 and State v. Perry (1967), 10 Ohio St.2d 175.
Accordingly, since appellant has failed to raise any issues that this court can consider, it is clear that the trial court's judgment must be upheld.
The decision of the trial court is hereby affirmed.
JUDGE DONALD R. FORD, O'NEILL, P.J., CHRISTLEY, J., concur.