OPINION
Defendant-appellant Herman L. Jennings appeals the July 18, 2001 Judgment Entry of the Richland County Common Pleas Court which overruled his motion to vacate his sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1]
On March 25, 1998, appellant was found guilty and sentenced on a charge of felonious assault, in violation of R.C. 2903.11, following a bench trial. Upon appeal, this Court affirmed appellant's conviction and sentence.[2]
On October 11, 2000, appellant filed a motion to vacate his sentence asserting the violation of his right to a speedy trial pursuant to R.C.2945.71. Via Judgment Entry filed July 18, 2001, the trial court overruled appellant's motion. It is from that judgment entry appellant prosecutes this appeal, assigning as error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANT'S MOTION FOR BEING UNTIMELY FILED PURSUANT TO R.C. 2953.21(A)(2).
 TRIAL COURT ERRED BY VIOLATING APPELLANT'S SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL PURSUANT TO R.C. 2945.71.
 I, II
In its judgment entry overruling appellant's motion to vacate his sentence, the trial court stated the following three conclusions of law:
 1. The defendant did not file his petition for post conviction relief on a timely basis so the petition will be dismissed.
 2. Even if the petition had been timely filed, the petitioner did not raise the speedy trial defense with the trial court or on direct appeal so it is now res judicata. * * *
 3. Even if the petition had been timely filed, the petitioner would not have prevailed on the merits because his right to a speedy trial pursuant to R.C. 2945.071 et seq. was not violated.[3]
In his brief to this Court, appellant takes issue with only the trial court's first and third conclusions of law. Appellant makes no claim of error as to the trial court's second conclusion of law that appellant's claim of speedy trial is barred under the legal principle of resjudicata. Because appellant failed to raise this issue at trial or on direct appeal, we agree with the trial court appellant is barred from raising it in his subsequent motion to vacate his sentence under the principle of res judicata.[4] Because this ground is independently sufficient to support the trial court's denial of appellant's motion to vacate, it is unnecessary for us to address the merits of appellant's arguments as to the trial court's other two conclusions of law.
Appellant's assignments of error are overruled.
JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the July 18, 2001 Judgment Entry of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.
[1] A recitation of the facts is unnecessary for our determination of this appeal.
[2] State v. Jennings (July 2, 1999), Richland App. No. 98-CA-24, unreported.
[3] July 18, 2001 Judgment Entry Overruling Motion for Post Conviction Relief at 2.
[4] State v. Perry (1967), 10 Ohio St.2d 175, syllabus para. 9.