THE STATE OF OHIO, APPELLEE, v. PERRY, APPELLANT.
THE STATE OF OHIO, APPELLEE, v. WALKER, APPELLANT.
THE STATE OF OHIO, APPELLEE, v. BERARDINELLI, APPELLANT.
THE STATE OF OHIO, APPELLEE, v. DiSANTO, APPELLANT.

[Cite as State v. Perry, 10 Ohio St. 2d 175.]

176

(Nos. 40299, 40300, 40301 and 40302—Decided May 3, 1967.)

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Joseph F. Donahue*, for appellee.
*Mr. James R. Willis*, for appellants.

TAFT, C. J. These are appeals from judgments of the Court of Appeals for Cuyahoga County, affirming judgments of the Common Pleas Court, denying petitions for postconviction relief under Section 2953.21 *et seq.*, Revised Code, by prisoners, who are in custody under sentence after conviction and are represented by counsel. In each case, the prisoner was represented by counsel at his trial, on appeal where taken from the judgment of conviction, and, where there was no such appeal, he was so represented until the time for appeal expired.

In denying relief in each case, the Common Pleas Court stated that it had made a "search of the files, transcripts and records of the case" and found "that there was no denial or infringement of the rights of" the prisoner "in any of the several respects claimed in his [or her] petition, so as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."

Because this statute is relatively new and there is considerable doubt as to how it should be construed, this court allowed motions to certify the records.

Section 2953.21, Revised Code, reads:

"A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

"Unless the petition and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto.

"If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, it shall vacate and set aside the judgment, and shall discharge the prisoner or resentence him or grant a new

trial as may appear appropriate. Costs shall be taxed as in habeas corpus proceedings.''

Admittedly, the trial court did not ''cause notice'' of the petition ''to be served on the prosecuting attorney, grant'' any ''hearing thereon, determine the issues'' or ''make findings of fact and conclusions of law with respect thereto'' in any of these cases. The statute requires it to do so unless ''the petition and the files and records of the case show * * * that the prisoner is entitled to no relief.'' *Jones* v. *State* (1966), 8 Ohio St. 2d 21, 222 N. E. 2d 313.

If a petition filed by counsel for a prisoner[1] does not allege facts which, if proved, would entitle the prisoner to relief, it is sufficient for the court to so find and summarily dismiss the petition.

If that petition does allege such facts, but the files and records of the case negative the existence of facts sufficient to entitle the prisoner to relief, the court may so find and dismiss the petition. However, in such an instance, the finding of the court should specify the portions of the files and records which negative the existence of alleged facts that would otherwise entitle the prisoner to relief.

A prisoner is entitled to relief under the statute only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.

Within the meaning of the statute, a judgment of conviction is void if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i. e., jurisdiction to try the defendant for the crime for which he was convicted. Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein

---

[1]Where the petition is filed without the assistance of counsel, the court must be much more liberal in determining whether the petition alleges facts which may entitle the petitioner to postconviction relief. In some instances it may be advisable to appoint counsel who can be helpful in determining whether the petitioner can allege such facts.

becomes *res judicata* as between the state and the defendant. *Perry* v. *Maxwell, Warden* (1963), 175 Ohio St. 369, 195 N. E. 2d 103; *Mills* v. *Maxwell, Warden* (1963), 174 Ohio St. 523, 190 N. E. 2d 264; *State* v. *Wozniak* (1961), 172 Ohio St. 517, 522, 178 N. E. 2d 800.

The word "voidable" has caused some confusion. Thus, an erroneous judgment that is not void could be considered as in effect "voidable," so long as it may be set aside on appeal. Hence, it may be suggested that, because of the word "voidable" in the statute, we should hold that constitutional issues can be considered and litigated in postconviction proceedings, even though they have already been or could have been fully litigated by a prisoner, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

Such a holding would be wholly inconsistent with the doctrine of *res judicata*. There are no other words in our postconviction remedy statutes that would support a conclusion that the General Assembly intended to do away with the doctrine of *res judicata* so far as it relates to judgments of conviction.

The word "voidable," as used in Section 2953.21, Revised Code, can be given meaning without so interfering with the continued application of the doctrine of *res judicata* with respect to final judgments of conviction.

For example, in *McMullen* v. *Maxwell, Warden* (1965), 3 Ohio St. 2d 160, 209 N. E. 2d 449, the prisoner had no means of asserting the constitutional claim there asserted until his discovery, after the judgment of conviction, of the factual basis for asserting that claim. In such an instance, the constitutional claim that made the final judgment of conviction "voidable" was not one that could have been raised by the prisoner before the judgment of conviction, and hence could not reasonably be said to have been either waived by the prisoner or adjudicated against the prisoner.

Another example of a voidable judgment of conviction is one where the convicted defendant was not represented by counsel at the trial or plea of guilty that resulted in the judgment of conviction. Such a judgment will be voidable at any time prior to a final judicial determination that the convicted

defendant had knowingly and intelligently waived his constitutional right to counsel.[2] See *Conlon* v. *Haskins, Supt.* (1964), 177 Ohio St. 65, 202 N. E. 2d 419.

At common law, the writs of *coram nobis* or *coram vobis* might have enabled assertion of such claims. 18 American Jurisprudence 2d 453, Section 3. However, those writs are no part of the law of Ohio, *State* v. *Hayslip* (1914), 90 Ohio St. 199, 170 N. E. 335. Hence, as pointed out in *Freeman* v. *Maxwell, Warden* (1965), 4 Ohio St. 2d 4, 210 N. E. 2d 885, until enactment of our postconviction statutes, it was necessary to give such relief in habeas corpus proceedings.

Since the word "voidable" in Section 2953.21, Revised Code, can be given meaning without interfering with the continued application of the doctrine of *res judicata* with respect to final judgments of conviction, we are of the opinion that our courts should apply that doctrine in determining whether postconviction relief should be given.

Under the doctrine of *res judicata,* a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. As stated in 18 American Jurisprudence 2d 505, Section 33:

"Just as the petitioner's knowledge, at the time of trial, of the error of fact relied upon, or his fault in not discovering such error previously, will bar relief under a common-law

---

[2] In any instance where it is alleged, and the record discloses, that a prisoner was not represented by counsel when he pleaded guilty or at the time of his trial or on a direct appeal from a judgment of conviction, the record may frequently contain insufficient evidence to justify the conclusion that the prisoner knowingly and intelligently waived his constitutional right to counsel. In such an instance, the trial court in postconviction proceedings should always appoint counsel to represent the prisoner so that there may be a judicial determination, while the prisoner is represented by counsel, on the question whether the prisoner knowingly and intelligently waived his constitutional right to counsel when he pleaded guilty or went to trial without counsel or at the time when he did appeal or could have appealed from his judgment of conviction. See *State* v. *Catlino*, 10 Ohio St. 2d 183,

writ of error *coram nobis,* such factors will also bar a comparable statutory [postconviction] remedy."

The petition of Audrey Walker relates to two trials and convictions. In both she was represented by counsel as she has been in these proceedings. As to the first trial, she alleges that she was an indigent and requested a bill of exceptions at public expense but that "the trial court wilfully and improperly denied her the right to appeal * * * by improperly and summarily ruling that she was not indigent." The record discloses that there was a full hearing before the court found her not indigent, that she appealed from that finding and had a bill of exceptions to show the evidence before the trial court at that hearing, that the Court of Appeals judgment affirmed the finding of the trial court, and that this court and the Supreme Court of the United States were requested to and refused to review that judgment of the Court of Appeals.

As to her second trial, the petition alleges that she again, as an indigent, sought at public expense a bill of exceptions showing the evidence at that trial "but that the trial judge * * * summarily, and without justification, denied such relief * * * without * * * a hearing * * * and * * * without * * * evidence." The record discloses that the court had a "hearing * * * on defendant's motion for the state to furnish the bill of exceptions" and denied it "upon hearing." Defendant could have appealed from that denial as a final order. *State, ex rel. Wilson,* v. *McMahon, Judge* (1961), 172 Ohio St. 438, 178 N. E. 2d 239. If the allegations of her petition are true, there would have been no substantial expense required for a bill of exceptions to show no evidence offered at the hearing on her motion. The final order of the trial court, overruling defendant's motion, obviously represents an adjudication between the state and defendant that defendant was not indigent at the time she requested this bill of exceptions showing the evidence offered at the second trial.

This defendant makes other claims that the judgments of conviction deprived her of constitutional rights. Thus, she claims she was denied a speedy trial, and that there were admitted in evidence against her confessions obtained from her after indictment and in the absence of counsel. The record shows that

these claims were raised by and disposed of against her at the trial. As to the speedy trial question, that was fully reviewed on appeal. As to the question with respect to admission of confessions, that was not reviewed on appeal because of the failure of defendant to provide the bill of exceptions necessary for such review. Here, again, the judgments of conviction represent adjudications against defendant that bar her raising the questions in postconviction proceedings.

In their petitions, Berardinelli and DiSanto each alleges that his conviction was based on evidence that was the product of an illegal and unconstitutional search and seizure. In neither petition are there any allegations that would justify an inference that the constitutional questions were not raised or could not have been raised and fully litigated before and adjudicated against the prisoner by the judgment of conviction. Those judgments, whether appealed from or not, bar those defendants from raising the same questions in postconviction proceedings under our statutes.

The petition of Perry raises the same question raised in the petitions of Berardinelli and DiSanto and also the question raised by Walker as to admission of a confession. This case differs from the others in that the same questions are raised on an appeal from Perry's judgment of conviction and that appeal is still pending. Whether the appeal is sustained or not, it will adjudicate the merits of the claims raised in these postconviction proceedings. Our statutes do not contemplate relitigation of those claims in postconviction proceedings where there are no allegations to show that they could not have been fully adjudicated by the judgment of conviction and an appeal therefrom.

For the foregoing reasons the judgments appealed from are affirmed.

*Judgments affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.