OPINION
Defendant-appellant Steven Jones appeals from the August 10, 2000, Judgment Entry of the Richland County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On October 7, 1998, the Richland County Grand Jury indicted appellant, Steven Jones, on one count of murder in violation of R.C. 2903.02. Said charge arose from the death of appellant's friend, Prezinnis "Dennis" Perkins on September 13, 1998. Subsequently, a jury trial commenced on January 15, 1999. The jury found appellant not guilty of murder but guilty of involuntary manslaughter. By judgment entry filed January 26, 1999, the trial court sentenced appellant to eight years in prison. Thereafter, appellant timely appealed his conviction. Pursuant to an Opinion filed on August 24, 1999, in Case No. 99CA9, this Court affirmed the judgment of the trial court. In his appeal, appellant did not appeal his sentence. On December 2, 1999, appellant filed an application to reopen his appeal, alleging that he received ineffective assistance of counsel during his direct appeal. As memorialized in a Judgment Entry filed on January 18, 2000, this Court denied appellant's application, holding that "the issues raised in appellant's application were raised and reviewed on direct appeal. We do not find a genuine issue exists as to whether appellant was deprived of the effective assistance of counsel on appeal." Appellant, on June 9, 2000, filed a motion requesting that the trial court modify his sentence. Appellant, in his motion, specifically argued that the trial court erred "by imposing a sentence not in accord with the guidelines of R.C. 2929.14(C)." Pursuant to a Judgment Entry filed on August 10, 2000, the trial court denied appellant's motion, stating, as follows: Defendant was convicted and sentenced to eight years in prison for this first-degree felony on 1-26-99. He then appealed his conviction and his conviction was sustained. Now he contends that his sentence is incorrect. He contends that because he has not been to prison before, he should have received a three-year sentence instead of an eight-year sentence. That is an issue he could have raised on his appeal. He waived the issue by not appealing it. But even more importantly, he is wrong on the substantive merits. Mr. [appellant] Jones killed a man. In his anger he deliberately drove his car over the curb and ran down Mr. Perkins on the sidewalk. He then drug him a great distance under his car until Mr. Perkins was dead. To impose only a three-year sentence for that act would demean the seriousness of that act of killing another human being. It is probably one of the worst forms of this offense. The Court nevertheless gave Mr. Jones a sentence less than the maximum ten years because of his lack of a prior felony record. There was no mistake or injustice in sentencing, unless it was that the sentence was too low.
It is from the trial court's August 10, 2000, Judgment Entry that appellant prosecutes his appeal, raising the following assignment of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED THE APPELLANT WITHOUT CONSIDERING THE SENTENCING PROVISIONS OF CHAPTER 2929 OF THE OHIO REVISED CODE AND R.C. SEC. 2945.75(A)(2); THEREBY, LACKING SUBJECT MATTER JURISDICTION AND JURISDICTION OVER THE PERSON TO PRONOUNCE AN ILLEGAL SENTENCE UPON THE APPELLANT. IN VIOLATION OF ARTICLE I SEC. 16; ARTICLE IV SEC. 4(B) OF THE OHIO CONSTITUTION, AND THE 14TH AMENDMENT OF THE U.S. CONSTITUTION.
This case has been assigned to the court's accelerated docket.
 I
Appellant, in his sole assignment of error, argues that the trial court erred in sentencing appellant without considering the sentencing provisions of R.C. Chapter 2929 and R.C. 2945.75(A)(2). Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment or conviction or on an appeal from that judgment. State v. Perry (1967),10 Ohio St.2d 175, 180. As is stated above, appellant did not raise any issues relating to his sentencing in his first appeal. Accordingly, pursuant to the doctrine of res judicata, appellant is now barred from raising such issues. The trial court, therefore, did not err in denying appellant's motion to modify sentence. Appellant's sole assignment of error is, therefore, overruled.
The judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Farmer, J. concur