This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John J. Connors, Jr., ("Connors"),[1] appeals from the judgment of the Wayne County Municipal Court denying his petition for postconviction relief. We affirm.
 I.
On August 10, 1998, the Ohio State Patrol stopped Connors to issue a speed warning. A computer check revealed that his license was under suspension out of Franklin County. The State Patrol arrested Connors for driving on a suspended license, in violation of R.C. 4507.02(D)(1). Connors appeared with counsel and entered a no contest plea on October 9, 1998. The trial court found him guilty of driving under a suspended license. Connors failed to appear on November 24, 1998, for his sentencing hearing and the trial court issued a bench warrant for his arrest.
A year and a half later, on March 31, 2000, Connors appeared before the trial court on the November 1998 bench warrant. The trial court found that Connors failed to appear for his November 1998 sentencing hearing and violated the terms of his bond. The trial court sentenced Connors to 30 days in jail, fined him $500 and suspended his license for one year for driving under a suspended license. The trial court also entered judgment for the state on the forfeited bond in the amount of $2,700. At Connors' request, the trial court stayed the sentence pending his appeal. The record reflects that Connors did not file a direct appeal in this matter.
Connors moved the trial court to withdraw his no contest plea based on newly discovered evidence and for an extension of time to pay the $2,700. The trial court denied Connors' motions. The record reflects that on May 10, 2000, the Franklin Municipal Court filed an order setting aside the previous forfeiture of Connors' license effective April 23, 1998. Connors filed a petition for postconviction relief pursuant to R.C. 2953.21 on May 12, 2000. A hearing was held and the trial court denied his petition. This appeal followed.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.
Assignment of Error No. 2:
 THE RECORD BEFORE THE TRIAL COURT IS LEGALLY INSUFFICIENT TO SUPPORT THE JUDGMENT OF THE TRIAL COURT.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN REFUSING TO RECOGNIZE DEFENDANT-APPELLANT'S CLAIM OF VIOLATION OF HIS RIGHTS UNDER THE U.S. CONSTITUTION AND THE CONSTITUTION OF THE STATE OF OHIO.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE DEFENDANT-APPELLANT'S EVIDENCE IN SUPPORT OF HIS CLAIM OF CONSTITUTIONAL ERROR.
Connors challenges the Bureau of Motor Vehicles ("BMV") notice informing him that his license was suspended for failure to appear in the Franklin County Municipal Court on May 5, 1998.[2]
After a careful review of the record, we find that the validity of the BMV notice is not properly before this court. In State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus, the Supreme Court of Ohio specifically held the doctrine of res judicata is applicable to R.C. 2953.21 proceedings:
 [u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
In the present case, counsel represented Connors when he pleaded no contest and the trial court convicted him of driving under a suspended license. Connors did not raise the validity of the BMV notice with the trial court nor did he pursue an appeal from his sentence. Accordingly, the issue Connors raises in his petition for post-conviction relief is barred pursuant to the doctrine of res judicata. See Perry, 10 Ohio St.2d at paragraph nine of the syllabus.
 III.
Having found that Connors' petition for post-conviction relief addressing the validity of the BMV notice to be barred by the doctrine ofres judicata, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., SLABY, J. CONCUR
[1] The trial court noted "that at all times pertinent to this matter [Connors] was and is an attorney at law licensed to practice in this state." We note that this appeal was filed pro se and did not include a Supreme Court registration number.
[2] We note that Connors initially lists four separate assignments of error, however, he exclusively discusses the BMV notice in his law and argument section. Accordingly our analysis will focus solely on this issue. See App.R. 16(A)(7) and 12(A)(2); Loc.R. 7(A)(6).