DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the January 16, 2001 judgment of the Lucas County Court of Common Pleas which denied appellant Sterling Cromer's petition for postconviction relief.
On June 10, 1998, following a jury trial, appellant, Sterling Cromer, was found guilty of burglary, theft, attempt to commit grand theft (Case No. 98-1377), and two counts of impersonating a peace officer (Case No. 98-1378).[1] On July 28, 1998, appellant was sentenced to a total of nine years of incarceration. Appellant was sentenced to a prison term of six years for burglary, eleven months each for theft and attempted grand theft, and three years for each count of impersonating a peace officer. The trial court ordered that appellant serve his sentences for theft and attempted grand theft concurrently with all other sentences and ordered the sentences for impersonating a peace officer be served concurrent to each other but consecutively to the six-year burglary sentence. Appellant's conviction and sentence was affirmed by this court, State v.Cromer (Mar. 17, 2000), Lucas App. Nos. L-98-1289; L-98-1290, unreported.
Appellant, pro se, appeals the judgment of the trial court and raises the following assignments of error:
 "I. The Court/judge prejudice (sic) the Appellant by entering Bias (sic) factfinding and conclusion (sic) of law, after appellant filed a Writ of Mandamus.
 "II. Appellant's conviction for burglary, Two counts of Theft, Attempted theft and Two counts of Impersonating a Peace Officer was in error, by Multiplicity, and Duplicity, by charging two or more distinct offenses in single count (sic) for which only one conviction should result.
 "III. Appellant's sentence in all five count (sic) were in error by exceeding the maximum sentence of the most serious conviction."
In his first assignment of error, appellant complains that the trial court, as a result of appellant's writ of mandamus, entered "bias[ed] factfinding and conclusion[s] of law" in its January 16, 2001 judgment entry denying postconviction relief. Upon review of the record and, in particular, the trial court's January 16 judgment entry, we find it devoid of any evidence that the trial court improperly made findings based upon prejudice or bias. Accordingly, appellant's first assignment of error is not well-taken.
Appellant's second assignment of error appears to argue that he was wrongly charged and convicted twice for the same offenses; specifically, appellant claims that his convictions for burglary, theft and attempted theft and his convictions on two counts of impersonating a peace officer "was multiplicity of an indictment."
Upon review of appellant's assignment of error, we find that appellant raised the same issues on direct appeal and they are now barred by the doctrine of res judicata. Even assuming that such issues were not previously addressed, we note that they could have been raised on direct appeal and, thus, are not proper subjects of a petition for postconviction relief. See R.C. 2953.211; State v. Perry (1967), 10 Ohio St.2d 175, paragraph seven of the syllabus. Accordingly, appellant's second assignment of error is not well-taken.
In appellant's third and final assignment of error, he contends that the trial court erroneously sentenced him to consecutive sentences which totaled more than the maximum eight-year prison sentence for burglary. See R.C. 2953.08(C). On review, we find that appellant's claim for relief could have been fully litigated on direct appeal and, therefore, is barred by res judicata.
However, even a cursory review of appellant's claim demonstrates that it lacks merit. A trial court may sentence an offender to consecutive sentences if it finds any of the factors set forth in R.C.2929.14(E)(4).[2] The transcript of the July 28, 1998 sentencing is not part of the record; however, in its July 31, 1998 judgment entry the court found:
 "Being necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS: defendant's criminal history requires consecutive sentences."
Based on the foregoing, we find that the court made the necessary findings under R.C. 2929.14(E)(4). Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, P.J.
Richard W. Knepper, J. CONCUR.
Melvin L. Resnick, J. CONCURS IN JUDGMENT ONLY.
[1] Appellant was indicted by the Lucas County Grand Jury on October 3, 1997, and November 7, 1997, resulting in separate case numbers. The cases were consolidated for trial.
[2] On the date of appellant's offense (September 24, 1997) and sentencing R.C. 2929.14(E), provided, in part:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime and or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c)The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."