OPINION
The defendant-appellant, Garland Smith ("the appellant"), appeals pro se the judgment of the Union County Common Pleas Court, convicting him of Receiving Stolen Property, a violation of R.C. 2913.51, Possession of Heroin, a violation of R.C. 2925.11, Illegal Conveyance of Drugs of Abuse Onto the Grounds of a Detention Facility, a violation of R.C.2921.36(A)(2), and Illegal Conveyance of Weapons Onto the Grounds of a Detention Facility, a violation of R.C. 2921.36(A)(1). For the following reasons, we affirm the judgment of the trial court.
The relevant facts and procedural history are as follows: On February 9, 2000, the appellant entered a guilty plea to one count each of the four offenses listed above. Pursuant to a plea negotiation, the State agreed to recommend a prison sentence of two years. However, at the sentencing hearing held on April 25, 2000, the prosecutor asked for a sentence of "at least" two years. The appellant's counsel informed the judge that the recommendation violated the plea agreement, but the appellant did not request leave to withdraw his guilty plea at any time during the hearing. The trial court sentenced the appellant to a total of forty-five months in prison.
The appellant appealed the sentence of the trial court, asserting that he was deprived his right to due process because the State failed to honor the terms of the plea agreement. On October 31, 2000, this Court entered an opinion overruling the appellant's assignment of error and upholding the judgment of the trial court. Subsequently, the appellant filed a Motion to Order Specific Performance of the Plea Agreement, which was dismissed by the trial court. Thereafter, he filed a Motion to Order Performance of the Plea Agreement with this Court, which was stricken for failure to comply with the guidelines for proper brief form, and a Brief in Order of Plea Agreement, which this Court, sua sponte, again ordered stricken.
Appellant has again filed a Brief in Order of Plea Agreement, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I Assistan [sic] Prosecuter [sic] Roger's [sic] errored [sic] when [he] changed from the original Plea Agreement from Pre Trial on Feb. 9, 2000 as to the Plea Agreement with Prosecutor Schneider to Appellant and Attorney Aslaner, Assistant Prosecutor Roger's [sic] stated before the Court at said sentencing hearing on April 25, 2000, "Clearly more at the discretion of the Court" this statement took the Plea Agreement out of the Original Plea Agreement with Prosecutor Schneider and Appellant.
 The essence of the appellant's argument seems to be that the State violated its plea agreement with him by stating that sentencing was within the discretion of the trial court and by recommending a sentence of "at least" two years, as opposed to a maximum of two years.
The principle of res judicata acts as a bar to the further litigation of issues in a criminal case which were raised formerly or could have been raised formerly in an appeal.[1] The appellant previously asserted the error herein, albeit couched in slightly different language,[2] on his first appeal to this Court. In our opinion from the appellant's previous appeal, we fully addressed the issue that appellant seeks to bring before us in his instant appeal.[3] Res judicata permits us to avoid revisiting the same issue with regards to this case.
Accordingly, the appellant's sole assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS, P.J., and SHAW, J., concur.
[1] See, generally, State v. Perry (1967), 10 Ohio St.2d 175.
[2] In his first appeal, the appellant's assignment of error read:"Smith was deprived of his right to due process of law under theConstitution when the State of Ohio failed to honor the terms of his pleabargain." State v. Smith (October 31, 2000), Union App. No. 14-2000-18,unreported.
[3] See id.