JOURNAL ENTRY AND OPINION
{¶ 1} Robert Johnson appeals from a judgment of the common pleas court denying his motion for a new trial. This is the third appeal stemming from his 1987 conviction of aggravated murder, to which he pled guilty. On appeal, he assigns the following as error for our review:
 {¶ 2} THE TRIAL COURT ERRED IN FAILING TO GRANT THE APPELLANT'S MOTION FOR A NEW TRIAL, THUS VOIDING HIS PREVIOUSLY ENTERED GUILTY PLEA.
 {¶ 3} Having reviewed the record and the pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 4} The motion seeking a new trial is predicated upon Charles Johnson's affidavit stating Robert did not participate in the murder of Christine Cosack, who died on December 24, 1986; in fact, Charles claimed full responsibility for the crime.[1] Robert alleges the state told him unless he pleaded guilty to aggravated murder, his brother, Charles, would not be offered a plea agreement. He further claims the sole reason he entered the plea was so that Charles would not spend the rest of his life in prison.
 {¶ 5} In his affidavit, Charles stated Robert did not commit the offense and that he committed the murder. He also stated he told his mother, who has since passed away, of Robert's innocence. Further, Charles stated the reasons he did not come forward earlier was because he could not afford to hire an attorney.
 {¶ 6} On two previous occasions, Robert Johnson has filed an appeal with this court. In his first appeal, he argued the trial court erred in accepting his guilty plea because it was made without a knowing and voluntary waiver of his rights and without a full understanding of the consequences of the plea.[2] This court overruled the assigned error and affirmed his conviction. Subsequently, Johnson filed an application for reopening on April 20, 2000, in an effort to reopen the appeal previously filed.[3] In that case, we declined to reopen the appeal due to the untimeliness of the motion. In addition, we held the principles of res judicata precluded the reopening of the appeal.
 {¶ 7} Despite Johnson's attempt to mask this third appeal in terms of a motion for a new trial, we are once again faced with an attempt to attack the voluntariness of Johnson's guilty plea. This argument, however, is barred by the doctrine of res judicata. The doctrine of res judicata may be applied to bar further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal.[4]
 {¶ 8} Johnson challenged the court's acceptance of his guilty plea in his direct appeal and in his application for reopening filed eleven years after his direct appeal. Therefore, this issue has been addressed in previous appeals. Accordingly, res judicata prevents further review.[5] Additionally, we conclude the information contained in the affidavit, specifically, the fact that Johnson's brother is now claiming full responsibility for the murder, is not newly discovered evidence. Johnson was aware of his level of responsibility, or lack thereof, in 1986, when the murder occurred. The assigned error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and TERRENCE O'DONNELL, J., CONCUR.
[1] Charles Johnson is the brother of appellant-defendant Robert Johnson.
[2] State v. Johnson (April 20, 1989), Cuyahoga App. Nos. 55295, 55811, and 55812.
[3] State v. Johnson (August 8, 2000), Cuyahoga App. Nos. 55295, 55811, 55812, Motion No. 16591.
[4] See, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
[5] See, State v. Bugg (Sept. 30, 1999), Cuyahoga App. No. 74847, reopening disallowed (April 7, 2000), Motion No. 13465.