DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Brett Britton, appeals from the judgment of the Lorain County Court of Common Pleas denying his "motion to declare R.C.2950.09 unconstitutional: petition to terminate sexual predator classification." We affirm.
 {¶ 2} On April 21, 1992, the Lorain County Grand Jury indicted Defendant on three counts of abduction, in violation of R.C. 2905.02(A)(2), and one count of felonious assault, in violation of R.C. 2903.11(A)(2). A jury found Defendant guilty of two counts of abduction, felonious assault, and attempted abduction, in violation of R.C. 2905.02(A)(2) and2923.02.
 {¶ 3} The trial court conducted a sex offender status hearing on October 5, 2000. At this hearing, Defendant argued that the State was required to prove that he acted with a sexual animus. On October 10, 2000, the court determined and adjudicated Defendant to be a sexual predator. Defendant timely appealed that adjudication.
 {¶ 4} During his initial appeal, Defendant asserted that his adjudication as a sexual predator was against the manifest weight of the evidence. He did not allege that the State failed to prove that he acted with a sexual animus. In fact, this Court specifically noted that Defendant "[did] not dispute that his conviction[s] on two counts of abduction * * * were sexually oriented offenses." State v. Britton (July 18, 2001), 9th Dist. No. 00CA007723, at 4. On July 18, 2001, this Court affirmed the decision of the trial court. Britton, supra, at 6.
 {¶ 5} On November 8, 2002, Defendant filed a "motion to declare R.C. 2950.09 unconstitutional: petition to terminate his sexual predator classification." The trial court conducted a hearing on January 16, 2003. On January 24, 2003, the trial court denied Defendant's motion/petition. It is from this decision that Defendant timely appeals and raises two assignments of error.
 ASSIGNMENT OF ERROR I
"R.C. 2950.09 is unconstitutional as applied to [Defendant] because the offense for which he was convicted was not sexual in nature and the legislature did not intend R.C. 2950.09 to apply under such circumstances, and as such, is violative under section one of the Fourteenth Amendment[.]"
 {¶ 6} In his first assignment of error, Defendant challenges the constitutionality of R.C. 2950.09. More specifically, Defendant argues that his sexual predator classification must be terminated because Defendant lacked any sexual motivation in committing his crimes. We decline to address this assignment of error for the reasons stated below.
 {¶ 7} In State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, the Ohio Supreme Court set forth the parameters of the doctrine of res judicata:
"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could havebeen raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis sic.) See, also, State v. Hamilton, 9th Dist. No. 21331, 2003-Ohio-2343, at ¶ 7, citing State v. Dimitrov, 8th Dist. No. 76986, 2002-Ohio-2350, at ¶ 2 ("Res judicata will be applied to bar the further litigation of issues that were either raised or could have been raised through a prior appeal"); State v. Widman (May 16, 2001), 9th Dist No. 00CA007681, at 3 (stating that "the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal") (Emphasis sic.); State v. Dee (July 12, 2000), 9th Dist. No. 19738, at 3; State v. Thrower (July 31, 1991), 9th Dist. No. 14967, at 5.
 {¶ 8} In the instant case, Defendant raised his constitutional challenge to R.C. 2950.09(D)(1) at the trial court level during his initial sex offender status hearing on October 5, 2000. Although Defendant could have raised his constitutional challenge on his appeal of the trial court's sexual predator adjudication, he did not. See Britton, supra, at 4. Defendant cannot raise an issue in this appeal that he could have raised in his first appeal. Hamilton at ¶ 7. Therefore, Defendant's first assignment of error is barred by the doctrine of res judicata and is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in denying [Defendant's] petition to terminate his sexual predator classification under [R.C.] 2950.09(D)(1) in light of new evidence which supports [Defendant's] position that his crimes were devoid of any sexual motivation, animus or intent[.]"
 {¶ 9} In his second assignment of error, Defendant maintains that the trial court erred in denying his petition to terminate his sexual predator classification in light of new evidence which demonstrates that Defendant committed his crimes without any sexual motivation. We disagree.
 {¶ 10} Pursuant to R.C. 2950.09(D)(1), an offender who has been adjudicated as being a sexual predator may petition the court for a determination that the offender is no longer a sexual predator. The statute provides:
"Upon the filing of the petition, the judge may review the prior sexual predator determination that comprises the sexual predator adjudication, and, upon consideration of all relevant evidence and information, including, but not limited to, the factors set forth in division (B)(3) of this section, either shall enter a determination that the offender no longer is a sexual predator or shall enter an order denying the petition. The judge shall not enter a determination under this division that the offender no longer is a sexual predator unless the judge determines by clear and convincing evidence that the offender is unlikely to commit a sexually oriented offense in the future." R.C. 2950.09(D)(1).
 {¶ 11} Upon consideration of the trial court record, the factors set forth in R.C. 2950.09(B)(3), and the evidence presented by Defendant, we find that the trial court did not err in denying Defendant's petition to reconsider his sexual predator classification.
 {¶ 12} We first note that Defendant's abduction convictions were sexually oriented offenses pursuant to R.C. 2950.01(D)(1). Equally as important, however, are the relevant factors under R.C. 2950.09(B)(3). At the time of the offenses, Defendant was approximately thirty years old, while two of his victims were only twelve and thirteen. See R.C.2950.09(B)(3)(a) and 2950.09(B)(3)(c). Defendant's sexually oriented offense involved two victims. See R.C. 2950.09(B)(3)(d). Defendant not only ordered at knife-point the twelve and thirteen year old victims to go behind an abandoned house, but he attempted to abduct another woman in a similar manner three months later. These actions demonstrate a pattern of abuse. See R.C. 2950.09(B)(3)(h). Finally, Defendant exhibited cruelty in threatening his victims with a knife. See R.C. 2950.09(B)(3)(i).
 {¶ 13} In support of his assertion that he lacked sexual animus in committing his crimes, Defendant offers two new pieces of evidence: a psychological report and a polygraph report. We find the psychological report to be unpersuasive as Defendant's psychologist was not trained in the area of forensic sexual predator assessments. Upon review of the record, we further find that Defendant's polygraph report is insufficient to establish that Defendant is unlikely to commit a sexually oriented offense in the future. We also note that Defendant has made no showing of any subsequent remedial behavior in support of his petition for reclassification. See State v. Dunwoody (August 30, 1999), 5th Dist. No. CA-97-65 (noting that an offender who has been adjudicated as a sexual predator may petition the court to reclassify him based on subsequent remedial behavior, such as the completion of sexual offender programs). Thus, Defendant's second assignment of error is overruled.
 {¶ 14} Defendant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
LYNN C. SLABY, BAIRD, J., BATCHELDER, J. CONCUR.