{¶ 24} I concur with the majority's decision to affirm the trial court's denial of McGee's motion to withdraw his guilty plea. However, I write separately because I believe the trial court's decision should be affirmed on the basis of res judicata rather than jurisdictional grounds.
 {¶ 25} As noted by the majority, McGee previously raised the issue in his direct appeal that the trial court did not properly advise him that he could receive consecutive sentences and that he was misinformed that he would be eligible for parole in ten years. McGee also raises a new issue claiming he did not understand the meaning of post-release control which was not raised in the trial court or on direct appeal.
 {¶ 26} The principles of res judicata bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in a direct appeal. State v. Leek, Cuyahoga App. No. 74338, 2000 Ohio App. LEXIS 2909, citing State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. Given that this court has already concluded that the trial court's failure to advise McGee of the possibility of consecutive sentences did not violate Crim.R. 11(C), this issue is barred by res judicata. The trial court's alleged failure to properly advise McGee of post-release control is also barred by res judicata because that issue should have been raised on direct appeal. Therefore, the sole assignment of error in this appeal should be overruled because the issues raised therein are barred by res judicata.