OPINION
{¶ 1} Appellant Charles J. McDonald appeals the denial of his "Motion to Correct Illegal Sentence" in the Stark County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 30, 1998, the Stark County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02, with a sexually violent predator specification. The charge arose from an incident on June 22, 1997, in which appellant offered to walk a female victim to a Canton bar, but subsequently dragged her down a deserted stairwell and sexually assaulted her.
 {¶ 3} A jury trial commenced on January 4, 1999. The jury found appellant guilty of the rape charge. The trial court also found appellant guilty of the specification. In a judgment entry filed January 14, 1999, the trial court sentenced appellant to an indefinite term of ten to seventy-five years in prison, and classified him a sexually violent predator. Appellant appealed therefrom, raising five Assignments of Error. See State v. McDonald (Feb. 14, 2000), Stark App. No. 1999CA00019. This Court affirmed the decision of the trial court. Id.
 {¶ 4} On December 2, 2002, appellant filed a "Motion to Correct Illegal Sentence," alleging that his sentence should have been a definite term of three to ten years under the provisions of Senate Bill 2. On December 16, 2002, the trial court denied the motion, finding the sexually violent predator specification permitted the indefinite sentence per R.C. 2941.148 and R.C. 2971.03.
 {¶ 5} Appellant timely appealed and herein raises the following sole Assignment of Error:
 {¶ 6} "I. A court abuses its discretion when it refuses to apply the correct state of the law violating the fourteenth amendment to the United States Constitution."
 I. {¶ 7} In his sole Assignment of Error, appellant argues the trial court erred in denying his postconviction motion to correct his term of imprisonment to a definite term as a matter of law. We disagree.
 {¶ 8} Appellant's motion to the trial court failed to designate any jurisdictional authority under which appellant could file his self-styled petition. Assuming, arguendo, appellant intended the motion to be a petition for postconviction relief, it was not timely filed. R.C. 2953.21(A)(2) requires a petition for relief to be filed with 180 days after the trial transcript is filed in an appellant's direct appeal. The transcript prepared for appellant's direct appeal from his original conviction was filed on June 10, 1999. Thus, a postconviction petition should have been filed no later than December 7, 1999. Appellant further made no attempt to justify filing an untimely postconviction relief petition pursuant to R.C. 2953.23(A).
 {¶ 9} Nonetheless, the statutory requirements of post-conviction relief notwithstanding, appellant failed to present his present argument, which raises no issues dehors the record, in his 1999 appeal. Res judicata will be applied to bar the further litigation of issues that were either raised or could have been raised through a prior appeal. SeeState v. Dimitrov, Cuyahoga App. No. 76986, 2002-Ohio-2350, citing Statev. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Moreover, even upon a de novo review, we would find no basis in appellant's limited argument demonstrating error as a matter of law in the indefinite sentence rendered against him per R.C. 2941.148 and R.C. 2971.03, in particular section (A)(3) of the latter statute, which reads as follows:
 {¶ 10} "(A) Notwithstanding divisions (A), (B), (C), and (F) of section 2929.14, section 2929.02, 2929.03, 2929.06, 2929.13, or another section of the Revised Code, other than divisions (D) and (E) of section2929.14 of the Revised Code, that authorizes or requires a specified prison term or a mandatory prison term for a person who is convicted of or pleads guilty to a felony or that specifies the manner and place of service of a prison term or term of imprisonment, the court shall impose a sentence upon a person who is convicted of or pleads guilty to a sexually violent offense and who also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging that offense as follows:
"* * *
 {¶ 11} "(3) Except as otherwise provided in division (A)(4) of this section, if the offense is an offense other than aggravated murder, murder, or an offense for which a term of life imprisonment may be imposed, it shall impose an indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense, but not less than two years, and a maximum term of life imprisonment."
 {¶ 12} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J. Gwin, P.J., and Boggins, J., concur.