{¶ 17} In State v. Calhoun (1999), 86 Ohio St.3d 279, 1999-Ohio-102, the Supreme Court held that affidavits offered in support of an R.C. 2943.21 petition for post-conviction relief may be rejected for lack of credibility vis-a-vis the proceedings which led to the petitioners' conviction, either with respect to the evidence which produced a guilty verdict or "a recitation of facts attendant to an entry of a guilty or no contest plea." Id., p. 284.
 {¶ 18} Calhoun involved a conviction based on a guilty plea, which the defendant attacked on a claim that his attorney had coerced him into entering a guilty plea. The contention was supported by his own and his mother's affidavits. The trial court overruled the defendant's petition without a hearing, finding that no substantive grounds for relief were portrayed. The court of appeals reversed, holding that, like a Civ.R. 56(C) summary judgment proceeding, the allegations in the affidavits filed in support of the motion must be credited and a hearing was therefore required.
 {¶ 19} The Supreme Court rejected the analogy to a summary judgment proceeding and reversed the appellate court. The Court held that "a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." Id. The criteria Calhoun cited for determining that proposition are set out in Judge Donovan's opinion.
 {¶ 20} The allegation in Calhoun that the defendant's lawyer had coerced him into entering a guilty plea, if true, would undermine the voluntary nature of the plea he entered. It could also overcome the effect of the Crim.R. 11(C) colloquy which accompanied the plea, because a defendant might feel compelled to do what his attorney had told him to do, the court's inquiries notwithstanding. However, as the court also pointed out in Calhoun, where "the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential." Id., citing State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 21} The affidavits which Defendant-Appellant presented in support of his petition merely stated that his attorney had "promised" him that he would be sentenced to time served and that his conviction could later be expunged. Such a "promise" is no more than a predictive judgment. A defendant's choice to rely on that judgment and enter a plea of guilty or no contest portrays only misplaced reliance, not a matter such as coercion which affects the voluntary nature of the plea that was entered. Therefore, even if true, the fact that the alleged "promise" was made and that the defendant relied on it does not rise to the level of a constitutional violation.
 {¶ 22} A distinction should be made between an attorney's predictive "promises" of this kind and those which undermine the voluntary quality of the defendant's plea, which the court is required by Crim.R. 11(C)(2)(a) to determine after first addressing the defendant for that purpose. Coercion is one such matter. Another is corruption of the court's process. Absent claims that such things occurred, supported by the necessary affidavits, a defendant's acknowledgment in the Crim.R. 11 colloquy that no promises were made to induce his plea is not rebutted by his subsequent claim that his guilty or no contest plea was involuntary because his attorney had told him that a less onerous sentence would be imposed than was imposed. Misplaced reliance, standing alone, does not rise to the level of a constitutional violation.