OPINION
{¶ 1} Defendant-appellant, Curtis Lewis James (hereinafter "James"), appearing pro se, appeals the trial court's denial of his application for DNA testing.
 {¶ 2} In December 1994, the Hardin County Common Pleas Court sentenced James to life imprisonment on one count of rape; not less than fifteen nor more than twenty-five years of imprisonment for each of two other counts of rape; and not less than four nor more than ten years of imprisonment for one count of corruption of a minor. All counts were to be served consecutively with one another with the exception of the second and third counts of rape which were to be served concurrently with one another. James appealed his conviction to this court, which we affirmed on August 24, 1995.
 {¶ 3} On September 17, 1996, James filed a petition for post-conviction relief pursuant to R.C. sections 2953.21 through 2953.23, which the trial court denied without a hearing. James appealed the denial to this court, which we affirmed on March 6, 1997.
 {¶ 4} On October 12, 2004, James filed an application for DNA testing with the trial court. James' application indicated that, at trial, the prosecution had indicated there was physical evidence but did not request any certain evidence be tested.
 {¶ 5} On December 22, 2004, the trial court held a hearing on the application at which the same judge presided who had conducted James' original trial. At the hearing, the State of Ohio explained that no physical evidence ever existed because the allegations of rape were not brought to authorities until a year after the most recent rape had allegedly occurred. On December 27, 2004, the trial court entered judgment denying James' application on the basis of the state's contention that there had been no biological evidence in the case and because James had not demonstrated that any such biological evidence did exist.
 {¶ 6} It is from this denial that James now appeals to this court and sets forth two assignments of error. For clarity of analysis, we have combined the two.
 ASSIGNMENT OF ERROR NO. I The Defendant/Appellant, Curtis Lewis James, was prejudiced byineffective assistance of counsel, violating his Sixth and FourteenthAmendment Rights, when his counsel failed to properly acknowledge andinvestigate his client's mental status, during and prior to trial andalso forensic results therein. Counsel showed no concern nor anyinvestigation into the mental history his client may have suffered from.Due to this encounter and violation and counsel's lack of concern, thepreponderance of evidence was not presented adequately or properly for thejury to see at any stage of the proceedings.
 ASSIGNMENT OF ERROR NO. II The Defendant/Appellant, Curtis Lewis James, was prejudiced byineffective assistance of counsel, violating his Sixth and FourteenthAmendment Rights, when his counsel failed to properly protect hisclient's Due Process Rights to a fair trial, due to counsel's lack ofassistance in investigating and pursuing evidence available to be used attrial, including, but not limited to, all forensic tests and results.
 {¶ 7} In neither assignment of error does James argue that the denial of his DNA application was in error, but rather he contends that he received ineffective assistance of counsel during his original trial. We conclude that we cannot address either assignment of error because the issue is barred by res judicata.
 {¶ 8} The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant on an appeal from that judgment. State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 9} In the case sub judice, we find that James not only filed a direct appeal from his conviction, but also asserted ineffective assistance of counsel in his first post-conviction motion filed in 1996. Accordingly, these claims have been litigated and resolved and we may not address them once more. Furthermore, even if we were to assume that James' arguments were not barred by res judicata, we find no support for his assertions.
 {¶ 10} James' first and second assignments of error are hereby overruled.
 {¶ 11} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Rogers, JJ., concur.