[Cite as *State v. Bennett*, 2014-Ohio-212.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100028**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEONTE R. BENNETT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535160

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** January 23, 2014

**FOR APPELLANT**

Deonte Bennett, pro se
Inmate #590-951
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Deonte R. Bennett ("Bennett"), appeals the denial of his motion to withdraw his guilty plea. We find no merit to the appeal and affirm.

{¶3} In March 2010, Bennett was indicted in CR-535160 with drug trafficking, drug possession, tampering with evidence, and possession of criminal tools. A week later he was charged with a single count of drug possession in CR-535402. In CR-535160, Bennett pleaded guilty to drug possession, a third-degree felony, and the remaining charges were dismissed. In CR-535402, he pleaded guilty to the reduced charge of attempted drug possession, a first-degree misdemeanor.

{¶4} In June 2010, Bennett was charged with drug trafficking, drug possession, and possession of criminal tools in a third case, CR-538045. In this case, Bennett pleaded guilty to drug possession, a fourth-degree felony, and the remaining charges were dismissed. Following Bennett's guilty plea in CR-538045, the court sentenced him on all three cases. In CR-535160, the court sentenced Bennett to four years and a $5,000 fine for the third-degree felony. In CR-535402, the court imposed a $250 fine for the first-degree misdemeanor. In CR-538045, the court sentenced Bennett to 17 months in prison for the fourth-degree drug possession charge, to be served consecutive to the four-year sentence in CR-535160. The court also suspended Bennett's driver's license and informed him that he would be subject to three years mandatory postrelease control

following his release from prison. Bennett appealed the sentence, and this court affirmed the trial court's judgment.

{¶5} In May 2013, Bennett filed a motion to withdraw his guilty plea, arguing the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and that his plea was not knowingly, intelligently, and voluntarily made. The trial court denied the motion. Bennett now appeals and raises two assignments of error.

{¶6} In the first assignment of error, Bennett argues the trial court lacked authority to accept his guilty plea because it failed to comply with Crim.R. 11(C)(2)(a). In the second assignment of error, Bennett argues the trial court erred in denying his motion to withdraw his guilty plea when it was not entered knowingly, intelligently, and voluntarily. Thus, both assignments of error challenge the validity of Bennett's guilty plea, which is an issue that could have been litigated in direct appeal.

{¶7} Res judicata bars the assertion of claims against a valid, final judgment of conviction that has been raised or could have been raised on appeal. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Indeed, the Ohio Supreme Court has specifically held that res judicata bars the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

{¶8} Bennett could have challenged the propriety of the plea colloquy and the validity of his guilty plea in his direct appeal, but he did not. These claims are therefore barred by res judicata. Accordingly, we overrule Bennett's two assignments of error.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR