[Cite as *State v. Macklin*, 2019-Ohio-4008.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                  Court of Appeals No. L-18-1139

       Appellee                                          Trial Court No. CR0201602333

v.

Ocolar Macklin, IV                                     **DECISION AND JUDGMENT**

       Appellant                                        Decided:  September 30, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

John Thebes, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1}  Appellant, Ocolar Macklin, IV, appeals from the May 31, 2018 judgment of

the Lucas County Court of Common Pleas denying appellant's petition for postconviction

relief on res judicata grounds.  For the reasons which follow, we affirm.

**{¶ 2}** On appeal, appellant asserts a single assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING

APPELLANT'S PETITION FOR RELIEF

**{¶ 3}** In 2017, the trial court accepted appellant's plea to reduced charges of murder, with a firearm specification. Appellant was convicted and sentencing following acceptance of his guilty plea on March 15, 2017, to serve 15 years to life in prison plus an additional three-year mandatory prison term for the specification. The two sentences were ordered to run consecutively. Appellant did not file a direct appeal.

**{¶ 4}** Appellant did file a timely postconviction relief petition on April 5, 2018, asserting his constitutional right to a jury trial under the U.S. and Ohio Constitutions had been infringed because at the time of his plea, he had not understood he had a right to have his guilt proven at a trial.

**{¶ 5}** A trial court may summarily dismiss a petition for postconviction relief if the petition "does not allege facts which, if proved, would entitle the prisoner to relief * * *." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph two of the syllabus. Therefore, the trial court may deny the petition if constitutional issues are alleged that "* * * have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him." *Id*. at paragraph seven of the syllabus; *see also* R.C. 2953.21(D). An appellate court reviews the trial court's

2

decision to summarily dismiss the petition under an abuse of discretion standard. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51-52.

{¶ 6} In this case, the trial court found that at the plea hearing, the court had conducted a lengthy and thorough colloquy with appellant concerning the rights he was waiving by entering a guilty plea. Furthermore, the court found appellant could have but did not file a direct appeal where he could have raised a claim of entering an unknowing or unintelligent plea. Therefore, the trial court denied the petition for postconviction relief on res judicata grounds.

{¶ 7} Upon a review of the record, we find the trial court did not abuse its discretion when it dismissed the petition on the grounds the claim was barred by the doctrine of res judicata. The infringement of a constitutional right was a claim that could have been raised on direct appeal. Therefore, we find appellant's sole assignment of error not well-taken.

{¶ 8} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

3

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____

                                                         JUDGE

Christine E. Mayle, P.J.

                                _____

Gene A. Zmuda, J.                                           JUDGE

CONCUR.

                                _____

                                                         JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.