[Cite as *State v. Gomez*, 2020-Ohio-835.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals Nos. L-19-1114
                                                                                L-19-1119
        Appellee

                                              Trial Court No. CR0201601548

v.

Antwine Gomez                                 **DECISION AND JUDGMENT**

        Appellant                      Decided:  March 6, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Antwine Gomez, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this consolidated appeal, appellant, Antwine Gomez, appeals from the

May 8, 2019 judgment of the Lucas County Court of Common Pleas denying his petition

for postconviction relief.[1]   For the reasons which follow, we affirm.

---

[1] Appellant's conviction was affirmed on direct appeal by this court in *State v. Gomez*,
6th Dist. Lucas No. L-17-1130, 2019-Ohio-576.

{¶ 2} On appeal, appellant asserts a single assignment of error:

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ABUSED ITS DISCRETION WHEN IT HAD AN ARMED UNIFORMED DEPUTY TO ESCORT AND SIT WITH APPELANT [SIC] ON THE WITNESS STAND VIOLATING HIS RIGHT TO A FAIR TRIAL SECURED BY THE 6TH AND 14TH AMENDMENT [SIC] ERODING HIS PRESUMPTION OF INNOCENCE.

{¶ 3} Appellant filed a timely petition for postconviction relief on August 2, 2018. He asserted that having an armed, uniformed deputy escort and stand by defendant while he was on the witness stand eroded his presumption of innocence protected by the Fifth and Fourteenth Amendments of the United States Constitution and Ohio Constitution, Section 16, Article 1. He further asserts there was no scientific evidence to support the charges and the jury missed certain exculpatory evidence because of the deputy's presence. Appellant did not provide any legal support for his claim.

{¶ 4} In its May 8, 2019 judgment, the trial court found that the mere presence of the deputy does not generally deny due process, *State v. Houston*, 8th Dist. Cuyahoga No. 60552, 1992 WL 181669, *3 (July 30, 1992), and appellant failed to assert anything to distinguish his case from the *Houston* case. Appellant appeals.

{¶ 5} In review of the trial court's ruling, we find that we can affirm the trial court's judgment without reaching the merits of the petition. A trial court may

2.

summarily dismiss a petition for postconviction relief if it finds that the petition alleges constitutional issues that "* * * have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs two, three, seven, eight, and nine of the syllabus. *Accord State ex rel. Parker v. Russo*, 131 Ohio St.3d 175, 2012-Ohio-541, 962 N.E.2d 795, ¶ 1. The issues raised in this case could have been raised on direct appeal but were not. Therefore, we find the petition is barred under the doctrine of res judicata.

{¶ 6} Appellant's sole assignment of error is found not well-taken.

{¶ 7} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                _____

                                                   JUDGE

Arlene Singer, J.

Christine E. Mayle, J.                _____
CONCUR.                                        JUDGE

                                         _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.