OPINION
{¶ 1} Defendant-appellant Anthony E. Roberson [hereinafter appellant] appeals from the February 14, 2001, Judgment Entry of the Stark County Court of Common Pleas, which denied appellant's motion to vacate payment of a mandatory fine and court costs. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 1, 1999, appellant was found to be in the possession of approximately one-half kilo of cocaine and $6,000.00. On April 27, 2000, appellant was convicted on one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony one. The trial court ordered a presentence investigation. On May 15, 2000, the trial court sentenced appellant to a five year prison term and imposed a mandatory fine of $10,000.00. See R.C. 2929.18(B)(1).[1]
 {¶ 3} After the conviction, appellant appealed. The conviction was affirmed.[2] No issue concerning the fine was raised in the appeal.
 {¶ 4} During the pendency of the direct appeal, appellant filed a pro se motion to vacate payment of the fine and court costs in the amount of $11,254.11. Appellant claimed that he was indigent and unable to pay the fine and costs. On February 14, 2001, the trial court denied the motion, stating that it would reconsider the motion upon appellant's release from prison and a showing of indigency after twelve months.
 {¶ 5} On February 28, 2001, appellant filed a notice of appeal from the trial court's denial of the motion. On April 2, 2001, appellant filed a pro se application to withdraw the appeal. On April 5, 2001, the court dismissed the appeal. On February 12, 2003, appellant filed a pro se motion to reinstate the appeal. On February 18, 2003, this court reinstated the appeal.
 {¶ 6} Thus, it is from the February 14, 2001, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS OF THE LAW WHEN IT FAILED TO VACATE HIS MANDATORY FINE, OR IN THE ALTERNATIVE HOLD A HEARING TO ESTABLISH HIS ABILITY TO PAY WHEN THE RECORD EVIDENCED HE SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL IN COUNSEL'S FAILURE TO SUBMIT AN AFFIDAVIT OF INDIGENCY PRIOR TO THE ENTRY OF THE SENTENCING HEARING."
 {¶ 8} In his sole assignment of error, appellant argues that his trial counsel's failure to tell him that he had a right to avoid the mandatory fine by filing an affidavit of indigency prior to sentencing constituted ineffective assistance of counsel. Appellant asserts that if the affidavit had been filed, the fine would have been waived. Appellant claims that his argument is substantiated by the record in this case which shows that appellant has a spotty work record and was sentenced to five years of imprisonment plus the possibility of post release control sanctions. His money and truck were seized and were subject to forfeiture[3] and, given his criminal history, recidivism was a high likelihood. Thus, appellant concludes that the mandatory fine should have been waived and counsel was ineffective for failing to file the affidavit to do so.
 {¶ 9} We find that appellant's claim is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising or litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised on an appeal from that judgment." State v. Perry (May 3, 1967), 10 Ohio St.2d 175,180, 226 N.E.2d 104. In this case, appellant's arguments are based on the record. Therefore, this issue could have been raised on direct appeal. Consequently, the doctrine of res judicata bars appellant from raising this issue here.
 {¶ 10} Accordingly, the judgment of the Stark County Court of Common Pleas is hereby affirmed.
By: Edwards, J., Hoffman, P.J., and Wise, J. concur.
[1] "For a first, second, or third degree felony violation of any provision of Chapter 2925, 3719, or 4729 of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of atleast one-half of, but not more than, the maximum statutory fine amountauthorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." R.C. 2929.18(B)(1). The maximum statutory fine authorized for a felony one is $20,000.00. R.C. 2929.18(A)(3)(a). Therefore, the minimum mandatory fine for a felony one conviction under R.C. 2925.11 was $10,000.00.
[2] Stark App. No. 2000CA00178.
[3] Ultimately, appellant stipulated to an agreement under which the trial court ordered the forfeiture of $6,901.00 and returned a 1991 Ford Explorer to appellant. See State v. Roberson (June 11, 2001), Stark App. No. 2001CA00088, 2001 WL 1773761.