OPINION
{¶ 1} On February 25, 1999, the Stark County Grand Jury indicted appellant, Lawrence Black, on one count of rape in violation of R.C. 2907.02 and one count of domestic violence in violation of R.C. 2919.25. A jury trial commenced on May 6, 1999. The jury found appellant guilty as charged. By judgment entry filed May 14, 1999, the trial court sentenced appellant to an aggregate term of nine years in prison. Appellant's conviction and sentence were affirmed on appeal. See, State v. Black (June 26, 2000), Stark App. No. 1999CA00185.
 {¶ 2} This court revisited appellant's case based upon a motion for reopening and once again affirmed appellant's conviction and sentence. See, State v. Black (July 23, 2001), Stark App. No. 1999CA00185.
 {¶ 3} On April 12, 2006, appellant filed a motion titled "Judicial Notice Is Given to Judge Haas Concerning No Warrant in Over Six (6) Years Beyond Statue (sic) of Limitations, and Lack of Personal Jurisdiction, and Appellants Makes His Objections Pursuant to CR.R. 52(B) Known." By judgment entry filed May 4, 2006, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO DISMISS."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to dismiss. Specifically, appellant claims because he was not served and a warrant was not issued on the indictment and the statute of limitations for the offenses has now lapsed, he is entitled to a dismissal. We disagree.
 {¶ 7} We note in his direct appeal to this court, appellant did not attack the trial court's jurisdiction for failure to issue a warrant. See, State v. Black (June 26, 2000), Stark App. No. 1999CA00185. Since the affirmance of appellant's direct appeal, appellant has filed numerous motions, including a motion for reopening on the issue of an anonymous jury which this court granted. Upon revisiting appellant's case, this court again affirmed appellant's conviction and sentence. See, State v.Black (July 23, 2001), Stark App. No. 1999CA00185. Appellant also filed two petitions for postconviction relief, one on October 19, 2001 and the other on March 14, 2002. In all of his numerous filings, appellant did not attack the trial court's jurisdiction for failing to issue a warrant on the indictment.
 {¶ 8} Appellant was arraigned on March 5, 1999 in open court with appointed counsel. Appellant pled not guilty. Per the notations on the docket and the trial court's March 5, 1999 entry, appellant was in jail at the time of the indictment. At no time during the arraignment or through any of the subsequent pretrial motions, trial or numerous appeals has the issue of service of the indictment been raised.
 {¶ 9} We will address appellant's arguments even though his motion was untimely under R.C. 2953.21(A)(2).
 {¶ 10} The failure to serve a warrant is an affirmative defense that must be timely presented or the issue is waived.United States v. Titterington (C.A.6, 2004), 374 F.3d 453;United States v. Del Percio (C.A.6, 1989), 870 F.2d 1090;United States v. Gallup (C.A.10, 1987), 812 F.2d 1271. Crim.R. 12 governs pleadings and motions before a trial. Subsection (C)(1) and (2) and (H) state the following, respectively:
 {¶ 11} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
 {¶ 12} "(1) Defenses and objections based on defects in the institution of the prosecution;
 {¶ 13} "(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding);
 {¶ 14} "Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver."
 {¶ 15} Further, this matter was clearly cognizable during the direct appeal and the motion for reopening and is therefore res judicata. State v. Lott, 97 Ohio St.3d 303, 2002-Ohio-6625. As stated by the Supreme Court of Ohio in State v. Perry (1967),10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The Perry court explained the doctrine at 180-181 as follows:
 {¶ 16} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
 {¶ 17} Upon review, we conclude appellant's April 12, 2006 motion was untimely under R.C. 2953.21 and 2953.23, waived pursuant to Crim.R. 12 and barred by the doctrine of res judicata.
 {¶ 18} The sole assignment of error is denied.
 {¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.