{¶ 8} While I agree that the majority has properly expressed the standard for post-conviction relief, I respectfully dissent from the majority and find Defendant's PCR Motion to be barred by res judicata.
 {¶ 9} Assuming a defendant is able to state a cognizable claim of a constitutional error, that might otherwise entitle him to post-conviction relief, a trial court may deny a defendant's petition for post-conviction relief if the claim raised in the petition is barred by the doctrine of res judicata. State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104.
 {¶ 10} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that wasraised or could have been raised by the defendant at the trial, whichresulted in that judgment of conviction, or on an appeal from thatjudgment." (Emphasis added.) Perry, at paragraph nine of the syllabus.
 {¶ 11} Assuming arguendo that the Errors (as defined by the majority) constitute "cognizable claim[s] of constitutional error," they are barred by the doctrine of res judicata. Appellant failed to raise the Errors in a direct appeal from his sentence, instead raising them for the first time in the PCR Motion. Defendant should have raised these constitutional arguments at the sentencing hearing and then on a direct appeal to this Court. See Perry, paragraph nine of the syllabus. Accordingly, the Errors set forth in the PCR Motion should be barred by the doctrine of res judicata. As such, I would affirm the trial court's denial of Defendant's petition for post-conviction relief.