**[Cite as *State v. King*, 2014-Ohio-4400.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-13-1182

　　　　Appellee                                               Trial Court No. CR00045579

v.

Rodney F. King                                              **DECISION AND JUDGMENT**

　　　　Appellant                                             Decided:　October 3, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Rodney F. King, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Rodney F. King, appeals from the July 31, 2013 judgment of the
Lucas County Court of Common Pleas denying his postconviction motion to correct an
"illegal" judgment.　For the reasons which follow, we affirm.

{¶ 2} On May 6, 1968, appellant was convicted by a jury of armed robbery, in violation of R.C. 2901.13. He was sentenced on July 30, 1968, to a term of imprisonment. The judgment entry, however, did not state the length of the term of imprisonment. However, at the time, R.C. 2901.13 provided that the applicable sentence was 10-25 years.

{¶ 3} In November 1968, the following entry was noted in the court's docket: "Warrant to issue forthwith. D confined in Federal Reformatory at Milan, Mich." On February 16, 1970, the following entry was made: "Upon motion of the Prosecuting Attorney and for good cause shown a nolle prosequi is entered herein as to defendant Rodney King. Defendant was transferred to U.S. Penn at Terre Haute, Ind. And released [sic] date is 8/14/81. See letter."

{¶ 4} On December 16, 2011, appellant filed a motion for clarification. Appellant acknowledged that the state dismissed his 1967 armed robbery charge and the court issued a dismissal order. However, appellant argued that the court should have issued a clarified dismissal order or vacated the 1968 judgment on the ground that it was a void judgment in order to prevent enhancement of his federal prison sentence pursuant to the Armed Career Criminal Act, section 924 (E). The state opposed the motion arguing that the trial court lacked subject matter jurisdiction to enter the nolle prosequi after the final judgment was entered.

{¶ 5} On September 12, 2012, the trial court denied the motion on the ground that it did not have statutory or inherent authority to set aside the final judgment in the case.

2.

Appellant sought an appeal from this judgment on November 8, 2012. On November 29, 2012, this court dismissed the appeal because it was untimely. *State v. King*, 6th Dist. Lucas No. L-12-1322 (Nov. 29, 2012).

{¶ 6} Appellant next sought to have the record sealed or expunged. The trial court denied the motion on December 11, 2012. Appellant sought an immediate appeal from that order. This appeal was dismissed on February 25, 2013, because appellant failed to comply with the court's order to file required documents and security for payment of costs. *State v. King*, 6th Dist. Lucas No. L-12-1366 (Feb. 25, 2013).

{¶ 7} Appellant then filed a motion to correct the "illegal" judgment. The state again opposed the motion. On July 31, 2013, the trial court denied appellant's motion. Appellant filed a notice of appeal from this judgment on August 13, 2013, and the case is now before us.

{¶ 8} Appellant does not set forth assignments of error as required by the appellate rules, but asserts that the trial court erred in failing to grant his request for postconviction relief to correct the illegal sentencing judgment. The basis for appellant's argument is that his 1968 conviction is void and illegal because a nolle prosequi was entered upon the record.

{¶ 9} This issue was first raised by appellant in his December 16, 2011 motion for clarification, which was denied by the trial court and appellant's appeal from that decision was dismissed because it was untimely filed. Because appellant attempts to raise the same issue again in his motion to correct an "illegal" judgment, we find the

3.

issue is barred by the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 10} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____
                                      JUDGE
Arlene Singer, J.
                          _____
Thomas J. Osowik, J.                  JUDGE
CONCUR.
                          _____
                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.