[Cite as *State v. Williams*, 2015-Ohio-4553.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2015AP060030 |
| MARK A. WILLIAMS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the New Philadelphia
Municipal Court, Trial Court No.
CRB 11 00413

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:   October 29, 2015

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

New Philadelphia Prosecutor's Office  MARK A. WILLIAMS, PRO SE
150 East High Avenue      484 2nd Dr. N.E.
New Philadelphia, Ohio 44663   New Philadelphia, Ohio 44663

*Hoffman, P.J.*

{¶1} Defendant-appellant Mark A. Williams appeals the June 10, 2015 Judgment Entry entered by the New Philadelphia Municipal Court denying his motion for new trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} Appellant was charged with violating the terms of a protection order (R.C. 2919.27) in the New Philadelphia Municipal Court. The trial court appointed a Special Prosecutor to represent the state of Ohio in prosecuting the case.

{¶3} On July 24, 2012, Appellant entered a plea of guilty to the charge, and the trial court imposed sentence.

{¶4} Appellant moved to withdraw his plea on September 7, 2012. Via Judgment Entry of April 1, 2013, the trial court denied his motion to withdraw plea.

{¶5} Appellant filed a notice of appeal from the trial court's denial of his motion to withdraw his plea of guilty.

{¶6} Via Opinion and Judgment Entry of December 26, 2014, this Court affirmed the judgment of the New Philadelphia Municipal Court denying Appellant's motion to withdraw plea.

{¶7} On May 5, 2014, Appellant filed a motion for new trial. The trial court denied the motion via Judgment Entry of June 10, 2015.

{¶8} Appellant appeals, assigning as error,

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING SPECIAL PROSECUTOR RON COLLINS TO PROSECUTE THE CASE, CREATING

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

THE SAME CONFLICT OF INTEREST THAT THE COURT SET OUT TO AVOID IN REMOVING DOUGLAS JACKSON. MR. COLLINS WAS NOT AN INDEPENDENT PROSECUTOR.

{¶10} "II. THE PROSECUTOR DID ENGAGE [SIC] MISCONDUCT BY VIOLATING BRADY V. MARYLAND IN NOT DISCLOSING EXCULPATORY EVIDENCE WHICH HE IS REQUIRED TO GIVE.

{¶11} "III. THE TRIAL COURT ERRED IN DENYING THE DEFENDANTS MOTION TO CONTINUE PRIOR TO THE DATE OF TRIAL.

{¶12} "IV. THE TRIAL COURT ERRED IN DENYING THE DEFENDANTS' MOTION TO VACATE A PLEA ON THE GROUNDS OF INEFFECTIVE ASSISTANCE OF COUNSEL."

I, II, III, and IV

{¶13} We will address Appellant's assigned errors together, as their disposition is governed by the same legal principal.

{¶14} The trial court herein denied Appellant's motion for new trial finding Appellant was not entitled to a new trial because he never went to trial originally. Appellant entered a plea of guilty pursuant to Criminal Rule 11(F),following a negotiated plea.

{¶15} Ohio Criminal Rule 33 governs motions for a new trial,

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the

circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

(B) Motion for new trial; form, time

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶16} Appellant's arguments are barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction

bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.*

**{¶17}** Appellant's arguments herein could have been or were raised on direct appeal from the trial court's sentencing entry and/or on appeal from the denial of Appellant's first motion to withdraw his guilty plea.We find res judicata applies. *State v. Jones,* 5th Dist. No. 12CA22, 2012–Ohio–4957, ¶ 23.  Pursuant to Ohio Criminal Rule 33, Appellant is not entitled to a new trial, and the doctrine of res judicata bars Appellant's arguments raised on appeal.

**{¶18}** The June 10, 2015 Judgment Entry of the New Philadelphia Municipal Court denying Appellant's motion for new trial is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur