[Cite as *State v. Ashraf*, 2019-Ohio-1605.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. CT2018-0085 |
| WAQAR ASHRAF | |
| Defendant-Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2014-0327 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 29, 2019 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| D. MICHAEL HADDOX<br>Muskingum County Prosecutor | WAQAR ASHRAF<br>Noble Correctional Institute #A715-169<br>15708 McConnelsville Road |
| TAYLOR P. BENNINGTON<br>Assistant Prosecuting Attorney<br>27 North Fifth Street, PO Box 189<br>Zanesville, Ohio 43702-01889 | Caldwell, Ohio 43724-8902 |

*Hoffman, J.*

{¶1}    Defendant-appellant Waqar Ashraf appeals the December 5, 2018 Journal Entry entered by the Muskingum County Court of Common Pleas, which denied his Motion to Vacate Void Judgment.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}    On October 22, 2014, the Muskingum County Grand Jury indicted Appellant on thirty-six counts of illegal use of food stamp benefits, in violation of R.C. 2913.46(B), all felonies of the fifth degree; and thirteen counts of trafficking in drugs, in violation of R.C. 2925.03(A)(1), felonies of the third, fourth, and fifth degrees.  On March 2, 2015, Appellant entered a guilty plea to 20 counts of illegal use of food stamp benefits; one count of trafficking in drugs (oxycodone, percocet) with a school specification; one count of trafficking in drugs (marijuana); one count of trafficking in drugs (oxycodone, oxycontin) with a school specification; one count of trafficking in drugs (methamphetamine) with a school specification; one count of trafficking in drugs (cocaine) with a school/juvenile specification; and one count of trafficking in drugs (alprazolam) with a school specification. The remaining 8 counts were dismissed.  Following the completion of a pre-sentence investigation, the trial court sentenced Appellant to an aggregate term of incarceration of 71 months on April 17, 2015. Appellant did not appeal his sentence.

{¶3}    Appellant filed a pro se petition for post-conviction relief on September 14, 2015. Therein, he argued his trial counsel failed to inform him he could face deportation if he entered a guilty plea.  Appellant explained, on June 22, 2015, the United States Department of Homeland Security advised him an immigration detainer had been issued

---

[1] A Statement of the Facts underlying Appellant's original convictions and sentence is not necessary to our disposition of this Appeal.

against him, and if he failed to demonstrate he was a legal permanent resident of the United States, he would be deported to Pakistan. Via Judgment Entry filed September 25, 2015, the trial court denied Appellant's petition without conducting a hearing.

{¶4}   Appellant appealed to this Court. Upon review, this Court reversed the trial court's decision, finding the September 25, 2015 judgment entry denying Appellant's petition was insufficient as it failed to comply with the requirements of R.C. 2953.21(G). We remanded the matter to the trial court with instructions to render written findings of fact and conclusions of law. *See State v. Ashraf*, 5th Dist. Muskingum No. CT2015–0052, 2015–Ohio–5323.

{¶5}   Upon remand, the trial court appointed counsel for Appellant. On April 22, 2016, Appellant filed a motion to set aside plea, asserting he would not have entered his guilty plea if he had known at the time his deportation was "certain and imminent" under federal law. On April 25, 2016, the trial court conducted a hearing on Appellant's original petition for post-conviction relief as well as his motion to set aside plea. Via Judgment Entry filed June 7, 2016, the trial court denied Appellant's petition for post-conviction relief as well as his motion to set aside plea.

{¶6}   Appellant appealed the June 7, 2016 Judgment Entry to this Court, only challenging the trial court's denial of his motion to set aside plea, maintaining he was deprived of the effective assistance of trial counsel during the 2015 plea proceedings. We affirmed the trial court's decision. *State v. Ashraf*, 5th Dist. Muskingum No. CT2016-0026, 2017 -Ohio- 4148.

{¶7}   On November 26, 2018, Appellant filed a pro se motion to vacate void judgment. The trial court denied the motion via Journal Entry filed December 5, 2018.

**{¶8}** It is from this entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO VACATE CONVICTIONS FOR VICTIMLESS ALLEGATIONS.

II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO VACATE THE SENTENCES FOR COUNTS 37, 39, 40, 41 & 48, AS APPELLANT WAS ONLY CHARGED AND CONVICTED OF FIFTH-DEGREE VIOLATIONS.

I, II

**{¶9}** We elect to address Appellant's two assignments of error together.

**{¶10}** Appellant pled guilty to 20 counts of illegal use of food stamps. "[B]y pleading guilty, a defendant admits to committing the offense as charged." *State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575. Simply stated, a guilty plea is a complete admission of the defendant's guilt, and also waives "any deficiency in the indictment." *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73.

**{¶11}** We find Appellant's argument the trial court should have vacated his convictions because the crimes of which he was convicted were "victimless" is specious. When food stamps are illegally used or obtained, the victim is the state of Ohio.

**{¶12}** Further, we find Appellant's first and second assignments of error are barred by the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104

(1967). The *Perry* Court explained:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *Id.*

**{¶13}** Appellant's arguments herein could have been raised on direct appeal from the trial court's sentencing entry. Accordingly, we find res judicata applies. *State v. Jones,* 5th Dist. No. 12CA22, 2012–Ohio–4957, ¶ 23.

**{¶14}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.
Gwin, P.J. and
Baldwin, J. concur