[Cite as *State v. Faccio*, 2019-Ohio-4942.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| LUIS FACCIO, JR., | : | Case No. 2019 CA 0017 |
| | : | |
| Defendant. | : | |
| | : | |
| and | : | |
| | : | |
| A 1 BONDS, LLC, | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Richland County
Court of Common Pleas, Case No.
2017CR0703

JUDGMENT: Affirmed

DATE OF JUDGMENT: December 2, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               MICHAEL J. KINLIN
Prosecuting Attorney                      124 Middle Ave., Suite 900
Richland County                           Elyria, Ohio 44035

By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}   Appellant A1 Bonds, LLC appeals from the January 24, 2019 and February 15, 2019 Judgment Entries of the Richland County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2}   On November 13, 2017, defendant Luis N. Faccio, Jr. (hereinafter "defendant') was indicted on three counts of felonious assault in violation of R.C. 2903.11(A)(1), felonies of the second degree, three counts of aggravated assault in violation of R.C. 2903.12(A)(1), felonies of the fourth degree, and one count of domestic violence in violation of R.C. 2919.25(B), a misdemeanor of the first degree. At his arraignment on November 21, 2017, defendant entered a plea of not guilty to the charges. A hearing on his motion for a bond hearing was held before a Magistrate on November 29, 2017 and December 4, 2017.  The Magistrate, in a Decision filed on December 8, 2017, recommended that defendant's bond, which had been set in the sum of $100,000.00 cash and personal recognizance, be returned[1] to the sum of $30,000.00 cash plus personal recognizance.  The trial court, on December 27, 2017, adopted the Magistrate's Decision as the order of the court.

{¶3}   Thereafter, on December 27, 2017, appellant posted bond for defendant in the amount of $30,000.00 and defendant was released from jail.  After defendant failed to appear at his final pretrial on March 21, 2018, his bond was revoked and a warrant was issued for his arrest.

{¶4}   On April 6, 2018, appellee State of Ohio filed a motion seeking forfeiture of defendant's bond. The trial court, via a Judgment Entry filed on April 17, 2018, ordered

---

[1] Appellant had posted a $30,000.00 surety bond in the Mansfield Municipal Court.

that defendant's bond was forfeited in court on April 16, 2018 after defendant failed to appear for his April 2, 2018 jury trial or "otherwise failed to comply with the conditions of defendant's $30,000 surety and PR." An oral evidentiary hearing on the bond forfeiture was held on June 11, 2018 before a Magistrate. At the hearing, appellant requested additional time to locate defendant.

{¶5} The Magistrate, in a Decision, filed on June 14, 2018, recommended that judgment be entered against appellant in the amount of $30,000.00. The Magistrate, in his Decision, found, in relevant part, as follows:

{¶6} 5. Pursuant to R.C. 2937.36(C) surety, A-1 Bonding was notified that judgment would be entered against the bonding agency unless it produced the body of defendant… at the 6-11-18 hearing.

{¶7} 6. Surety A-1 Bonding failed to produce Mr. Faccio at that hearing and he is still at large.

{¶8} 7. The bonding company requested a 90 day stay/continuance in order to locate Mr. Faccio Jr. but admitted it had no new active leads or addresses for him. Two to three weeks ago, defendant Faccio escaped from 2 bounty hunters and five to six police officers in Solon, Ohio. The bonding company believes he is selling drugs in Cleveland from "word on the street." The bonding company believes that Mr. Faccio's plan is to go to Puerto Rico which is the home of his girlfriend's mother.

{¶9} 8. The U.S. Marshall's Task Forced (SIC) for the Northern District of Ohio went to an extended stay motel/hotel in March 20187 (SIC) and did not find Mr. Faccio there and his room had been cleaned out. The task force has advertised Mr. Faccio as a "Most Wanted" three times since March.

{¶10} On June 22, 2018, appellant filed objections to the Magistrate's Decision, asking for additional time to locate defendant. Appellant did not object to the Magistrate's findings of fact and conclusions of law. Appellant, in its objections, noted that defendant had been apprehended on June 17, 2018 and was in the Richland County Jail on June 21, 2018, "where he currently resides pending Court action." Appellee filed a memorandum in response to the objection, noting that "[a]t the hearing the facts showed that [appellant] has no leads for how to locate Defendant."

{¶11} Pursuant to a Judgment Entry filed on July 17, 2018, the trial court modified and adopted the Magistrate's June 14, 2018 decision. The trial court stated, in its Judgment Entry, in relevant part, as follows:

> The Court finds that justice does not require the total amount of the thirty thousand dollars ($30,000.00) bond remain forfeited. The Court finds that the forfeiture of 50% of the bond, or fifteen thousand dollars ($15,000.00) bears a reasonable relation to the costs and inconvenience incurred in gaining custody of Defendant Faccio and again preparing for the rescheduled final pretrial hearing and jury trial.

{¶12} The trial court remitted 50% of the forfeited bond, or $15,000.00, and ordered that appellant pay to the Richland County Clerk of Court the 50% forfeited portion of the bond, or $15,000.00.

{¶13} Defendant, on August 14, 2018, pleaded guilty to all of the counts. He was sentenced on October 10, 2018.

{¶14} On October 23, 2018, appellee filed a Motion for Contempt against appellant due to appellant's failure to pay the $15,000.00 as ordered. In response,

appellant filed a request for an itemization of all of the costs associated with the apprehension and delay of the prosecution of defendant. Appellee filed a memorandum in response and appellant filed a response. A contempt hearing was scheduled for January 17, 2019.

{¶15} Appellant, on December 18, 2018, filed a Motion for Reconsideration of the trial court's decision to order only $15,000.00 to be remitted to the surety and appellee filed a memorandum in response to such motion. The contempt hearing was held on January 17, 2019.

{¶16} As memorialized in a Judgment Entry filed on January 24, 2019, the trial court overruled the request for itemization of costs and the motion for reconsideration and found appellant to be in indirect civil contempt of the trial court's July 17, 2018 order. The trial court ordered that Michael Jackson and Anthony Horn. Sr., as appellant's officers, each serve twenty-five (25) days in jail and that each pay a fine in the amount of $200.00. The trial court gave appellant until February 8, 2019 to purge the contempt by depositing $15,000.00 with the Richland County Clerk of Courts.

{¶17} Pursuant to a Judgment Entry filed on February 15, 2019, the trial court overruled appellant's motion requesting a stay of the judgment.

{¶18} Appellant now appeals, raising the following assignments of error on appeal:

{¶19} "I. THE TRIAL COURT ERRED IN HOLDING THE SURETY IN CONTEMPT WHEN THE TRIAL COURT DID NOT PROPERLY CONSIDER ALL OF THE FACTORS IN DETERMINING THE AMOUNT OF THE BOND TO REMIT."

**{¶20}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THE SURETY IN CONTEMPT FOR FAILING TO PAY THE $15,000.00 BOND FORFEITURE WHEN THE DEFENDANT WAS IN  CUSTODY BEFORE THE BOND FORFEITURE WENT INTO EFFECT."

**{¶21}** "III. THE TRIAL COURT ERRED IN REFUSING TO GRANT THE SURETY'S REQUEST FOR ITEMIZATION OF COSTS ASSOCIATED WITH THE APPREHENSION AND DELAY OF THE PROSECUTION OF THE DEFENDANT."

**{¶22}**  However, we find that it is unnecessary to address the merits of appellant's arguments because appellant did not appeal from the trial court's July 17, 2018 Judgment Entry and this Court is without jurisdiction to consider appellant's appeal now. The July 17, 2018 Judgment Entry was not timely appealed and has become final. The Order that is the subject of the present appeal concerns appellant's compliance with the July 17, 2018 Order. Appellant may not challenge the substance of the July 17, 2018 Order by appealing the subsequent compliance Order.  See  *Lundy v. Lundy,* 11th Dist. Trumbull No.2012–T–0100, 2013–Ohio–3571, ¶ 34 ("when considering an appeal from a trial court's finding of contempt, the appellant cannot raise as a defense challenges to the merits of the underlying order from which the appellant did not directly appeal").  See also *Bruce v. Bruce*, 3rd Dist. Logan No. 8–82–3, 1982 WL 6849, *2 (Aug. 11, 1982) (since the appellant failed to appeal from the decree in which the order leading to the contempt was made, the order "remained a subsisting enforceable order which the trial court had no right to review or reverse when the issue of validity was raised merely in defense of the contempt motion ").

**{¶23}** Appellant now challenges the trial court's order that appellant pay to the Richland County Clerk of Court the 50% forfeited portion of the bond, or $15,000.00. Appellant had an opportunity to litigate the claims it sets forth in the instant appeal via a timely direct appeal from the trial court's July 17, 2018 Judgment Entry. Appellant, however, did not do so and appellant's arguments are, therefore, barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.*

**{¶24}** Appellant's arguments could have been raised on direct appeal from the trial court's July 17, 2018 Judgment Entry, and res judicata applies even though appellant never pursued a direct appeal from such order. Appellant cannot use the trial court's January 24, 2019 Judgment Entry finding appellant in contempt to now attack that trial court's July 17, 2018 Judgment Entry.

**{¶25}** Appellant's assignments of error are, therefore, overruled.

**{¶26}** Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.