[Cite as *State v. Roberson*, 2025-Ohio-181.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2024CA00151 |
| ANTHONY E. ROBERSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Stark County Court of
Common Pleas, Case No. 2021CR0765


JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 22, 2025


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

KYLE L. STONE                             ANTHONY E. ROBERSON
Prosecuting Attorney                      Trumbull Correctional Camp
Stark County, Ohio                        P.O. Box 640
                                          Leavittsburg, Ohio 44430
VICKI L. DESANTIS
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

**{¶1}** Defendant-appellant Anthony Roberson appeals the judgment entered by the Stark County Common Pleas Court denying his motion for resentencing. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** On November 3, 2021, Appellant was convicted following his pleas of guilty to trafficking in cocaine (R.C. 2925.03(A)(2)(C)(4)(f)) and possession of cocaine (R.C. 2925.11(A)(C)(4)(e)). The trial court merged the convictions, and sentenced Appellant to 4-6 years incarceration for trafficking in cocaine. Appellant did not file a direct appeal.

**{¶3}** Appellant filed a postconviction relief petition on January 6, 2023. The trial court denied his petition, and Appellant did not appeal. Appellant filed a motion in the trial court to reconsider the denial of his petition for postconviction relief, which the trial court denied.

**{¶4}** Appellant filed a motion for resentencing on May 15, 2023, arguing the trial court failed to inform him during his Crim. R. 11 colloquy that accepting a negotiated plea deal would waive his right to appeal, and the trial court therefore failed to discharge its duty under Crim. R. 32(B). The trial court denied the motion, and Appellant did not appeal.

**{¶5}** Appellant filed a motion for delayed appeal of his November 3, 2021 conviction and sentence in this Court on November 8, 2023. Appellant averred he did not file a timely appeal because he was not advised of his right to appeal. This Court denied his motion for delayed appeal. Judgment Entry, December 29, 2023.

---

[1] A rendition of the facts is not necessary for our resolution of the issue raised on appeal.

**{¶6}** Appellant filed a second motion for resentencing in the trial court on August 26, 2024, arguing he was not advised of his right to appeal. The trial court summarily overruled the motion. It is from the September 10, 2024 judgment of the trial court denying his motion for resentencing Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RESENTENCING WHEN THE TRIAL COURT FAILED TO ADVISE APPELLANT OF HIS RIGHT TO APPEAL OR SEEK TO APPEAL PURSUANT TO MANDATORY PROVISIONS FOUND IN CRIM. R. 32(B)(2).

**{¶7}** Crim. R. 32(B)(2) provides, "After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." The transcript reveals the trial court failed to advise Appellant of his right to appeal.

**{¶8}** "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Patterson,* 2015-Ohio-4325, ¶16, *quoting* State *v. Perry*, 10 Ohio St.2d 175, 180 (1967).

**{¶9}** In the instant case, Appellant failed to appeal to this Court the denial of his first motion for resentencing, and failed to appeal this Court's denial of his motion for

delayed appeal to the Ohio Supreme Court. We find Appellant's argument is barred by res judicata.

{¶10} The assignment of error is overruled. The judgment of the Stark County Common Pleas Court is affirmed.


By: Hoffman, J.

Baldwin, P.J. and

King, J. concur